Jackson *et al. v.* Myers.

Filed Oct. 31, 1889.

————◆————

No. 13,926.

## JACKSON ET AL. *v.* MYERS.

CONTRACT.—*Specific Performance.—Real Estate.—Conveyance of Wife's Interest in.—Statute of Frauds.—Debtor and Creditor.*—An agreement not in writing, but which it is averred was to be reduced to writing, entered into between a creditor and the wife of his debtor, whereby the creditor agreed, in consideration of the conveyance to him by the debtor, his wife joining, of certain real estate, to convey to the debtor's wife, upon the fulfilment of certain conditions, an undivided one-third interest in said real estate, falls within clause 4, section 4904, R. S. 1881, and is incapable of specific performance, being a parol contract for the sale of lands, under the statute of frauds.

SAME.—*Execution of Deed.—Failure to Demand.—Fraud.*—Conceding that the creditor was morally bound to execute the conveyance to his debtor's wife, without a demand therefor, no demand being alleged, the failure to do so would not constitute a fraud. To hold so would be to abolish all distinction between fraud and breach of contract.

SAME.—*Demand and Refusal.—Statute of Frauds.—Presumption of Fraud.*—If a demand had been made for the execution of the agreement and a refusal, and afterwards a demand for a deed, and a refusal, no presumption of fraud would have arisen such as would have taken the case out of the operation of the statute of frauds; at most, this would have shown an unwillingness to comply with the contract.

PLEADING.—*Fraud, how Pleaded.—Presumption of Fraud.—How Created.*—Fraud can not be pleaded in general terms, but the facts or circumstances

constituting the fraud must be averred. The presumption of fraud arises from facts or circumstances which tend to show bad faith, and which operate prejudicially on the rights of others.

APPEAL.—*Partition Proceeding.— When Appeal May be Taken.—Interloctutory Judgment.*—Where the action is one primarily for partition, an appeal will not lie from the interlocutory order of the court appointing commissioners to make partition between the parties, but where the orders for partition and appointment of commissioners are mere incidents to the judgment and decree of the court, and the principal questions involved are the title to real estate, the right to the possession thereof, and the recovery of damages, the judgment of the court as to these questions is a finality, and the right of appeal exists.

From the Orange Circuit Court.

*N. Crooke, M. F. Dunn* and *G. G. Dunn,* for appellants.

*G. W. Friedley, J. R. East, W. H. East, J. Giles, W. O. Farrell* and *S. O. Pickens,* for appellee.

BERKSHIRE, J.—The appellee, who was the plaintiff below, filed her complaint in two paragraphs, to each of which separate demurrers were filed by the appellants, and the same being overruled by the court proper exceptions were taken. The case was thereafter put at issue by the filing of answers and replies, after which there was a jury trial, a special verdict returned and a judgment thereon for the appellee.

There are several errors assigned, but in view of the conclusion which we have reached as to the second and third errors it does not become necessary to notice the others.

The second error brings before us the action of the court in overruling the demurrer to the first paragraph of the complaint, and the third error the action of the court in overruling the demurrer to the second paragraph of the complaint.

The first paragraph alleges that the appellee is the legal owner of an undivided one-third of the real estate described therein, a wrongful withholding of the possession from her by the appellants, and demands judgment for possession.

The paragraph alleges a tenancy in common as between

the appellee and the appellants, and we are inclined to the opinion that it is sufficient to withstand a demurrer, but do not decide the question for the reason that the judgment, (as appears from the record) obtained by the appellee rests entirely upon the second paragraph of the complaint.

The second paragraph is clearly bad, and the court below erred in overruling the demurrer thereto.

The following is a copy of the paragraph, omitting the formal parts:  " The plaintiff says that she is the wife of Peter Myers, and has been such for twenty years last past; that on the 30th day of September, 1870, the said Peter Myers was indebted to one John Holland in the sum of $2,341.50, and that on said day he executed a mortgage, the plaintiff joining, to secure said indebtedness upon the lands hereinafter described; that afterwards, to wit: on the 3d day of May, 1872, being the owner thereof, Peter Myers executed a warranty deed to said John Holland, with this plaintiff joining, conveying to said John Holland the following described real estate in said county of Lawrence and State of Indiana, to wit: the southwest quarter of section 25, town 5 north, of range 1 east; also, the northwest quarter of section 36, and the west half of the northeast quarter of section 36, town 5 north, of range 1 east; that the consideration for said conveyance was the said sum of $2,341.50, and the further sum of $500 due the said Holland from the said Peter Myers; that the lands were of great value, to wit: the sum of $10,000; that it was also agreed that said deed should be in effect and operation a mortgage to secure said indebtedness, and that as soon as such indebtedness was paid off and satisfied then the said John Holland was to redeed to this plaintiff the undivided one-third of said lands; and it was further agreed that the said Holland would, as soon as convenient thereafter, reduce said agreement to writing, and that said plaintiff and Peter Myers should retain possession of said lands until such re-conveyance was so made; but plaintiff avers that said John Holland fraudulently refused

to reconvey, notwithstanding the fact that the said Peter Myers on the 4th day of September, 1874, fully paid off to said Holland all of such indebtedness, and took up such mortgage by executing to said John Holland a quitclaim deed to said real estate, in which this plaintiff did not join; plaintiff further avers that on the ——— day of ————, 1874, said John Holland died, leaving the defendants as his heirs-at-law; that on the 4th day of April, 1876, in a suit for partition, in which this plaintiff was not a party, but in which the heirs of John Holland were parties, by the judgment of the Lawrence Circuit Court the defendant, Berrillah Jackson, was, as between said heirs, declared the owner of said lands herein described, and she on said day received a commissioners' deed for the same, with full knowledge of the agreement of said John Holland and this plaintiff, and without paying any valuable consideration for the same; plaintiff further avers that all of said defendants are claiming an interest in said real estate adverse to this plaintiff, and have cast a cloud upon her title to the same; she further avers that said defendants have committed waste by cutting and removing valuable timber from the same to the value of $2,000; that they have received the rents and profits of said real estate for eleven years last past, which were reasonably worth $500 per annum; she further avers that said lands are not susceptible of division without injury to the whole."

The facts alleged, which are admitted by the demurrer to be true, created the relation of mortgagor and mortgagee as between the parties. Whether Holland held the legal title subject to redemption by the payment of the indebtedness, or was but a mere encumbrancer, is not material to the conclusion to which we have arrived.

At the time the conveyance was executed and the agreement made between Holland and the appellee, she held no present interest in or title to the real estate, but was possessed merely of a contingent estate, which, in case she survived her

husband, would ripen into a fee simple title to one-third of the real estate, or into a life-estate, as the law might determine.

The contract with Holland was not for the protection of her contingent estate, but was for a new estate—a definite and substantial interest in the land, and which was in no way connected with, or dependent upon, her contingent estate. The conveyance of her contingent estate was the consideration for the new estate which Holland agreed to convey to her.

If, after the conveyance to Holland, Peter Myers still held the legal title to the land, as he would have done if the instrument had been a mortgage in the ordinary form, then the appellee held her contingent estate intact except as encumbered by the said conveyance; and under the arrangement, immediately upon the execution of the quitclaim deed by her husband, the appellee should have received a deed conveying to her one-third of the real estate in fee simple, and in case she survives her husband will be entitled to an additional one-third of the whole in fee simple, or for life, as the case may be.

That the contract in question falls within the statute, clause 4, section 4904, R. S. 1881, there can be no question, and there are no facts or circumstances averred to carry it without the statute.

It is claimed that as Holland agreed to reduce the agreement to writing at some convenient time in the future, and fraudulently refused to execute a deed after the payment of the indebtedness, the case is not within the statute. But it will be observed that there is no averment that Holland refused to reduce the agreement to writing, and so far as we are informed by the pleading, we can not say that he did not; and although it is averred that he refused to execute a conveyance, it is not averred that he was ever asked to do so.

As the time agreed upon for the execution of the agreement was uncertain, a demand was necessary to its enforce-

ment; but as the conveyance was to be executed as soon as the indebtedness was paid, the appellee, if otherwise entitled to a conveyance, was not required to make a demand therefor. It is alleged in general terms that Holland fraudulently refused to execute a conveyance.

Conceding that he was morally bound to execute a conveyance without a demand therefor, his failure so to do would not constitute a fraud. To so hold would be to abolish all distinction between fraud and breach of contract.

In *Buchanan* v. *State, ex rel.*, 106 Ind. 251, it is held that an action may be maintained in some cases without a demand, and yet it will require a demand to constitute the presumption of fraud. But had there been a demand made for the execution of the agreement, and a refusal, and afterwards a demand for a deed, and a refusal, no presumption of fraud would have arisen; at most, this would have shown an unwillingness to comply with the contract.

The presumption of fraud arises from facts or circumstances which tend to show bad faith, and which operate prejudicially on the rights of others.

This court has often held that it is not good pleading to charge fraud in general terms, but that the facts or circumstances constituting the fraud must be averred.

The question now under consideration was not involved in the case of *Teague* v. *Fowler*, 56 Ind. 569. The facts of that case were as follows: A. was a defaulting administrator, and the owner of two eighty-acre tracts of land. B. was one of his sureties, and, with the understanding and agreement that B. would pay certain of the debts owing by A. and convey to his wife the eighty-acre tract on which they resided, A. and his wife conveyed to B. the two eighty-acre tracts, and B. having refused to convey to the wife of A., an action was brought to compel a conveyance, and B. was compelled to perform his contract and execute the conveyance.

Under the facts of that case B. held the title as a trustee without an interest, and was the mere vehicle whereby the

title was to be conveyed from A. to his wife. B. had no power to dispose of or to manage the real estate, his power being limited to the mere conveyance of the legal title to its rightful owner.

It is well settled that trusts are not within the statute. Besides, section 2981, R. S. 1881, covered and should have ruled that case, and anything stated by the learned judge who wrote the opinion, touching any question not before the court, must be regarded as *obiter dicta*. *Butcher* v. *Stultz*, 60 Ind. 170, and *Caress* v. *Foster*, 62 Ind. 145, simply reiterate what has long been well settled as the law in this and other States, that a deed absolute on its face, given to secure an indebtedness, is but a mortgage, and that the character of the transaction may be shown by parol evidence.

In the case of *Chambers* v. *Butcher*, 82 Ind. 508, the facts and circumstances constituting the fraud were pleaded.

The following cases are in point and decisive of the question under consideration:   *Green* v. *Groves*, 109 Ind. 519; *Caylor* v. *Roe*, 99 Ind. 1.

Counsel for the appellee insist, in their able brief, that in those cases the agreement was that the wife should become a purchaser of the husband's lands after they had passed by judicial sale into the hands of the mortgagee, but with equal force it may be said that the appellee was to become a purchaser of an undivided one-third of her husband's lands after Holland had acquired title thereto and the payment of her husband's debt.   See *Box* v. *Stanford*, 13 S. & M. 93 (51 Am. Dec. 142, and note);   *Wilson* v. *Ray*, 13 Ind. 1.

Judgment reversed, with costs, and the court below is directed to sustain the demurrer to the second paragraph of the complaint.

Filed Sept. 17, 1889.

## On Petition for a Rehearing.

Berkshire, J.—In the original opinion we omitted to make reference to the motion made to dismiss the appeal.

The ground of the motion is, that the appeal was prematurely taken; that the judgment from which it was taken was not a final judgment.

We néed not repeat the nature of the action as its character fully appears in our original opinion. Where the action is one primarily for partition, an appeal will not lie from the interlocutory order of the court appointing commissioners to make partition between the parties. But in the case under consideration the orders for partition and appointment of commissioners were mere incidents to the judgment and decree of the court as rendered.

The principal questions involved were the title to the real estate in controversy, the right to the possession thereof, and whether or not the appellee, Mrs. Myers, was entitled to recover damages. As to all of these principal questions the judgment of the court was a finality, and the appellant had the right of appeal.

We do not care to refer to any other question presented in the petition for a rehearing.

The petition is overruled.

