John J. TILTON, Respondent, *v.* SUSAN M. VAIL et al., Appellants.

The Court of Appeals has no jurisdiction to review an interlocutory judgment rendered as provided for by the Code of Civil Procedure (§ 1546) in an action for partition, except upon an appeal from the final judgment.

(Argued December 9, 1889; decided December 17, 1889.)

MOTION to dismiss an appeal from an order of the General Term of the Supreme Court in the first judicial department, made September 9, 1889, which affirmed an interlocutory judgment in an action for partition.

*Alexander Thain* for appellant.

*William C. Beecher* for respondent.

GRAY, J. This appeal must be dismissed, inasmuch as this court has no jurisdiction to review the interlocutory judgment in an action of partition, except upon an appeal from the final judgment.    There is no exception in favor of this class of actions, and the Code provisions permit no distinctions with respect to their judgments, as subjects of review in this court. Section 1546 provides for and describes the "interlocutory judgment."    It must declare the rights, shares or interests of the parties, and, in a proper case, must direct a sale of the property.    Section 1577 provides for "a final judgment" to be entered, if the court confirms the sale, confirming it accordingly, directing proper conveyances and concerning the application of the proceeds.    It also provides that "such a final judgment is binding and conclusive upon the same persons upon whom a final judgment in partition is made binding and conclusive by section 1557."

It is thus apparent that the effect of and the difference between the two kinds of judgments were understood by the legislature.    The language of section 190, in defining our jurisdiction, is explicit, and we cannot agree with the appellant's counsel that there is any confusion in the use of the word "interlocutory," or that, as used in the Code, in connection with actions for the partition of real property, it is misnamed and, in fact, is a final judgment.

The "final judgment" in the action is provided for and is described by section 1577, and section 190 does not qualify or limit the sense of the words "final judgment," and, hence, precludes us from the consideration of any other kind of judgment in an action.    The counsel's argument, as to the injustice worked by applying the Code rules governing appeals to partition actions, and as to confusion following therefrom, is more fanciful than real; for by section 1001 provision is made for the making of a motion to the General Term for a new trial, upon exceptions, from the denial of which motion an appeal would lie to this court.

As was said in *Raynor* v. *Raynor* (94 N. Y. 248) we are

not concerned with the wisdom or utility of the Code provisions. The appeal should be dismissed, with costs to the respondent and with ten dollars costs of this motion.

All concur.

Appeal dismissed.