EFFIE BROWN, Respondent, *v.* ALLIE K. FEEK et al., Defendants, and EDWARD CROSSMAN et al., Appellants.

Appeal—judgment in partition suit adjudging a party to have no interest in property, final, as to him, and appealable to Court of Appeals.

Although a judgment in a partition suit is interlocutory as between the parties who are adjudged to have interests in the property, it is final as to a party who claims an interest therein but is adjudged to have none, and such a party may appeal to this court from a judgment against him without waiting for a judgment that is final as to all the parties.

Reported below, 142 App. Div. 919.

(Argued January 8, 1912; decided January 23, 1912.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 3, 1911, affirming an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term in an action of partition.

*Frederick G. Paddock* for motion.

*John P. Kellas* opposed.

The motion was made upon the ground that an appeal cannot be taken to the Court of Appeals from an interlocutory judgment.

WERNER, J. The action is in form for a partition or sale of real property; but as between the appellants and respondents it is in fact an action to determine the title.

Certain of the defendants have appealed to this court from an order of the Appellate Division, which affirmed a judgment of the Special Term containing the usual provisions decreeing that a sale of the premises in question was necessary, appointing a referee, etc., and also

deciding that the appellants have no right or title to such premises. The respondent has moved to dismiss the appeal upon the ground that the order appealed from is not final, but merely interlocutory, and that, therefore, this court, under section 190 of the Code of Civil Procedure, has no jurisdiction to review it.

In the case of *Tilton* v. *Vail* (117 N. Y. 520) we held that an order of the former General Term affirming the usual interlocutory judgment in a partition suit was not appealable to this court. The question here presented was neither involved nor decided in that case. In this case the ancestor of the appellants had been the owner of the land in controversy. The respondent claimed that he had conveyed the property to certain persons through whom they claim title. The appellants claim that the instruments of conveyance were not absolute deeds, but intended as mortgages, which have since been fully paid. The trial court sustained the claim of the respondent and decided that the appellants have no right or title in the premises in question. Prior to the adoption of that part of the Code relating to partition actions, no such issue could have been decided in such an action. (*Weston* v. *Stoddard*, 137 N. Y. 119; *Satterlee* v. *Kobbe*, 173 id. 91.) The decisions just cited disclose how greatly the scope of the issues triable in partition suits have been broadened, and will shed light on the distinction between the judgment here under consideration and the ordinary interlocutory judgment in partition simply adjusting rights between tenants in common or between other parties concededly having rights or interests in real estate which are sought to be adjusted.

In this case, as has been shown, the judgment of the trial court not only excluded the appellants from sharing in the proceeds of sale, but finally disposed of their claim of title to the whole. So far as this issue is concerned, the decision is final. With the further proceedings for sale and distribution of proceeds the appellants are not

concerned. Had they waited with their appeal until the entry of final judgment confirming the referee's report of sale, the property they claim would have been sold and in the hands of innocent purchasers for value. And it is obvious that if a decision favorable to the appellants should be rendered in this court, their right to adequate relief would be at least uncertain, if not entirely cut off. As to a party in a partition suit who claims an interest in the property and who is adjudged to have no interest therein, the judgment is final, although it is interlocutory as between the parties who are adjudged to have interests in the property, and who are, therefore, concerned in the division of the proceeds to be made under the final judgment.

For these reasons the motion to dismiss the appeal should be denied.

Cullen, Ch. J., Haight, Vann, Willard Bartlett, Chase and Collin, JJ., concur.

Motion denied.