[No. 13130. Department Two. April 1, 1916.]

HOWARD H. HAMLIN *et al.*, *Respondents*, v. PHILO D. HAMLIN *et al.*, *Appellants*.[1]

PARTITION—ALLOTMENT—AMENDMENT—REPORT OF REFEREES. Under Rem. & Bal. Code, § 847, providing that the court may set aside the report of referees in whole or in part, or appoint new referees, the court has power to set aside the report and to direct a new allotment in a partition suit, and the interlocutory decree whereby the matter was referred is not final but may be amended as to the manner of allotting the property.

SAME—ALLOTMENT—MODE. Upon partition proceedings in which some of the parties were not interested in all the tracts drawn in controversy, a party is entitled to an allotment from the tracts in which he is interested, where such allotment can be made without injustice to the other owners.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered March 13, 1915, in favor of the plaintiffs, confirming the report of referees appointed in an action for partition, after a hearing before the court. Affirmed.

*Byers & Byers*, for appellants.

*Edwin H. Flick* (*John A. Frater*, of counsel), for respondents.

[1]Reported in 155 Pac. 393.

PARKER, J.—This action was originally commenced seeking partition of two parcels of real property owned in common by the parties to the action. Two of the defendants, respondents upon this appeal, by their cross-complaint brought into the action two additional parcels of real property and seek partition thereof, together with the two parcels described in the original complaint. No objection is made to this, though it results in some of the parties not having any interest in some of the property involved in the action. Certain of the defendants have appealed from the final decree, rendered in conformity to a majority report of the referees appointed to make partition.

On October 14, 1914, the trial court entered its interlocutory decree determining the respective interests of all the parties in the several parcels, as to which there was no controversy; also determining that the property was capable of equitable division among the parties entitled thereto without sale of any part thereof; and appointed three referees to make such partition and report the same to the court. On October 27, 1914, there was filed in the office of the clerk of the court a report signed by all of the referees, making the partition such that certain of the parties were allotted some of the property in which they had no interest. The referees evidently construed the interlocutory decree as authorizing them to make the partition without taking into consideration the ownership of any particular parcel, so far as awarding such parcel to any particular party to the action was concerned.

On November 10, 1914, certain of the parties to whom property had been allotted in which they had no interest, filed their motion asking for an amendment to the interlocutory decree so that it would in terms direct the referees to allot property to the respective owners in which they have an interest, and in effect protesting against the confirmation of the report of the referees as filed. On November 27, 1914, the court amended its supplemental decree accordingly, and on November 30, 1914, entered its order annulling and set-

ting aside the report of the referees and directing the commissioners to again proceed with the partition in accordance with the amended interlocutory decree. On December 16, 1914, two of the referees made report of partition to the court, wherein they allotted the property to the several owners in accordance with the amended interlocutory decree, allotting property to the several owners in which each of such owners had an interest. One of the referees dissented from this report, filing a separate report. Certain of the parties filed exceptions to the majority report of the referees when the matter came on for final hearing. Decree was rendered in accordance with the majority of the referees on March 13, 1915, from which this appeal is prosecuted.

It is contended by counsel for appellants that the trial court erred in amending its interlocutory decree and setting aside the first report of the referees, exceptions being taken to these rulings at the time. It seems to us that this contention is without merit, in view of the express provision of Rem. & Bal. Code, § 847 (P. C. 81 § 1469), providing that: "The court may confirm or set aside the report in whole or in part, and if necessary appoint new referees." Whatever might be said as to the finality of the interlocutory decree in some respects, such, for instance, as a determination of the interests of the respective parties in the several parcels, it was not final in its direction to the referees as to the manner of allotting the property. Manifestly, no ruling of the court as to the manner of allotting the property to the respective owners is final and beyond recall by the court, except its final decree. Plainly the trial court did not abuse its discretion by directing the allotments to be made, if they could be so equitably made, as provided in the amended interlocutory decree. In the text of 30 Cyc. 257, we read:

"Various equities may exist in favor of a cotenant which are not so absolute in character that they can be enforced against the other cotenants to the prejudice of their rights, but which the commissioners are at liberty to consider and

protect. Indeed, we may now regard them as under the duty of so doing unless their action in favor of one cotenant must operate inequitably to another. Among these are allotting parts to cotenants in possession thereof or who have erected improvements thereon . . ."

This is elementary law and needs no citation of authority at this time to support it. It seems plain to us that the principle which calls for allotting to one tenant that portion of the property which he is in possession of, if such allotment can be made without doing any injustice to the other owners, also calls for the allotment to a party of property in which he has an interest, rather than of property which happens to be drawn into the controversy in which he has no interest. While not directly in point, our decision in *Leake v. Hayes*, 13 Wash. 213, 43 Pac. 48, 52 Am. St. 34, is in harmony with this view. Clearly there was no abuse of the court's discretion in directing the allotments to be so made, in view of the fact that it was thereafter found that they could be equitably so made.

Contention is made that the allottment of the property to the several owners was inequitably made, aside from the refusal of the court to confirm the first report of the referees. Our review of the record convinces us that this contention is wholly without merit.

The final decree of the superior court is affirmed.

MORRIS, C. J., MAIN, HOLCOMB, and CHADWICK, JJ., concur.