GRACE M. TRAPP et al. v. LULA M. SHULL et al.; CATHERINE A. WELLER et al., Appellants.

### Division One, June 2, 1919.

1. **APPEAL: Controlled by Statute.** An appellate court cannot pass upon the merits of a case falling within its appellate jurisdiction except through the medium of an appeal or writ of error taken or sued out as prescribed by statute.

2. ———: **Premature: From Order Setting Aside Commissioners' Report in Partition.** From an order of the circuit court setting aside the report of commissioners in a partition proceeding, the statutes provide for no appeal. After a refusal to confirm the report the court has express power to appoint other commissioners, and by rejecting the first report it does not determine the rights of the parties. But if the report is confirmed, their rights are thereby determined, and from an order of confirmation an appeal lies.

Appeal from Holt Circuit Court. —*Hon. A. D. Burnes,* Judge.

DISMISSED.

*Cook & Cummins* for respondents.

(1) That the right of appeal did not exist at common law, and is purely a creature of the statute, is fundamental. Therefore, unless the statute expressly gives the right to appeal, no such right exists. Snoddy v. Pettis Co., 45 Mo. 361; State v. Vaughn, 83 Mo. App. 457; Kreyling v. O'Reilly, 95 Mo. App. 561; Bottling Co. v. Exposition Co., 240 Mo. 634. (2) Our statute does not expressly give appellants the right to appeal from the order setting aside the commissioners' report. Sec. 2611, R. S. 1909; 1 Black on Judgments, sec. 21;

Collier v. Lead Co., 208 Mo. 279. It is plain that this appeal is not from the final judgment. Sec. 2586, R. S. 1909. (3) There can be no contention that the right to have this appeal is given by Section 2038. This section provides the right of appeal, in partition suits, "from any interlocutory judgment which determines the rights of the parties." That statute has no application here, for this is not an appeal from the interlocutory decree. That decree was rendered at the October term of the court and was acquiesced in by all parties. The commissioners' report was set aside at the next February adjourned term, and the appeal taken from that order, and has no connection with the decree. Young v. Young, 175 S. W. 585.

*Frank Petree* for appellants.

(1) An appeal is the creature of the statutes, and the object to be subserved is to get at the right of the cause, and statutes pertaining to appellate procedure are entitled to a liberal construction. Stid v. Railroad, 211 Mo. 411; Beechwood v. Railroad, 173 Mo. App. 371. Sec. 2038, R. S. 1909, provides for an appeal "from any interlocutory judgments in actions of partition which determine the rights of the parties" or "from any final judgment in the case." Respondents construe the above provision to mean that the only "interlocutory judgment in actions of partition" from which an appeal will lie is the judgment ordering partition to be made. The provision is not so narrow as respondents' contention would make it, and the appellate courts have never so held. The courts have held that an appeal will lie from the decree ordering partition, but they have never directly passed on the question of whether an appeal will lie with any other interlocutory judgments in such actions. If there is only one interlocutory judgment in actions of partition, the words "any," and "which determine the rights of the parties," are meaning less. The words "the interlocutory judgment in actions of partition," would have conveyed all the meaning

respondents give to the provision. The report of the commissioners set off certain lands to appellants. This report was submitted to the court. The court heard the evidence and rendered a judgment disapproving and quashing the report. (2) A judgment confirming the commissioner's report in partition is final and an appeal will lie from such judgment. Papin v. Blumenthal, 41 Mo. 440; Durham v. Durham's Admr., 34 Mo. 447. (3) Conceding that the appeal is premature and must be dismissed, the questions raised by the appeal will remain in the case, and if the court has erred, the error could be reviewed on an appeal taken later. A ruling on the point raised (only one), "may obviate the necessity of another review on final judgment." Holloway v. Holloway, 97 Mo. 641; Gudgell and Austin v. Mead. 8 Mo. 53.

BOND, C. J.—A farm of two hundred acres in Holt County, Missouri, is owned by six sisters as tenants in common, three owning four-fifths thereof, the remaining three owning the residue, or one-fifth.

A partition suit was brought, and answer made, admitting the ownership of the parties as alleged in the petition, and praying that commissioners be appointed to divide the land accordingly.

Upon these pleadings, on November 2, 1915, the Circuit Court of Holt County rendered an interlocutory decree, adjudging the rights, titles and interests of all the parties to the action, and ordering that partition be made accordingly, and adjudging further that the estates of the sisters who own four-fifths of the lands "be set off together" (they having so requested), and appointing three commissioners to make partition of said land according to law and as directed in said decree.

These commissioners duly reported, awarding one hundred and sixty acres of the farm, whereon are situated the buildings and improvements, to the owners of four-fifths of the whole, and valuing this allotment at $19,650; and awarding the remaining forty acres to the

owners of the one-fifth interest, and reporting that it was not susceptible of division in kind, and recommending sale, and recommending also that to the proceeds of such sale fifty dollars be added and charged against the three sisters to whom the one hundred and sixty acres were allotted and this sum divided among the sisters owning one-fifth of the farm.

To this report exceptions were filed, upon the hearing of which it was set aside, and from the order of vacation this appeal was perfected and which respondents have moved to dismiss as premature.

Respondents' motion to dismiss the appeal presents a threshold question; for this court cannot pass on the merits of any case falling within its appellate jurisdiction except through the medium of an appeal or writ of error taken or sued out as prescribed by statute. (Star Bottling Co. v. Exposition Co., 240 Mo. l. c. 641; Stid v. Railroad, 211 Mo. l. c. 418; Beechwood v. Railroad, 173 Mo. App. l c. 381.]

The statute pertinent to the right to an appeal in partition suits is Section 2611, Revised Statutes 1909, to the effect that an appeal or writ of error in such actions may be brought "on all final judgments." It is not claimed by appellants under the facts in this record, that the present appeal could be sustained under that statute. It is, however, insisted by appellants that their appeal falls within the purview of the general statute applicable to all civil actions. That section (2038) provides that "any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constituton, may take his appeal to a court having appellate jurisdiction . . . from any interlocutory judgments in actions of partition which determine the rights of the parties." [R. S. 1909, sec. 2038.] The action of the court from which this appeal is prosecuted was nothing more than a refusal on its part to confirm the report of the commissioners in partition and a setting aside of the recommendation made by them. Its jurisdiction to pro-

ceed further was in nowise affected by its rejection of the report of the commissioners. Its action in so doing is expressly authorized by the statute applicable to such proceedings and it had unhampered power to appoint new commissioners "as often as may be necessary." [R. S. 1909, sec. 2586.] In rejecting the report it did not "determine the rights of the parties." On the contrary it left all such rights wholly unaffected. If it had *confirmed* the report of the commissioners, then it would have conclusively bound the parties to the proceeding; for such is the statute. [R. S. 1909, sec. 2587.] From such judgment of confirmation an appeal would lie under the terms of the statute quoted above (R. S. 1909, sec. 2038); for the interlocutory order of confirmation, being binding upon and determinative of the rights of the parties, would have brought it strictly within the language of the statute, and, therefore, within the class of judgments from which an appeal may be taken in partition suits.

The fault in the reasoning of the learned counsel for appellants is the failure to distinguish between the essence of what is done when an interlocutory judgment of confirmation of a report of commissioners in partition is rendered, and what happens when the trial court refuses to adopt such a report. In the latter case the annulment of the report of the commissioners leaves the rights of the parties just as they existed or had been adjudged prior to the report. Hence it cannot logically be said that their rights were "determined" by the refusal of the court to approve the report recommended by the commissioners. It being obvious from this analysis that the rights of the parties were unaffected by any interlocutory judgment of the court, after its judgment of a former term decreeing partition (from which no appeal was taken), it must be clear that the attempted appeal in this case was abortive and must be dismissed as not lodging any jurisdiction in this court to consider the merits of the case. Appellants are not, however, prejudiced, for, after final judgment, they

may bring up the whole case for a full review of all matters to which exceptions shall have been properly saved.

The result is that the present appeal is dismissed. It is so ordered. *Blair, P. J.,* and *Graves, J.,* concur; *Woodson, J.,* absent.