### HAYES v. ARCH et al.

No. 28167.   May 17, 1938.

Geo. C. Crump and H. W. Carver, for plaintiff in error.

Howell E. Hays, for defendants in error.

GIBSON, J.   Nearly ten years after the original petition for partition was filed in this case two of the defendants, who are defendants in error here, recovered a money judgment against James W. Hayes, plaintiff in error here, on the theory that Hayes was liable to them for the difference between what they received from a sale of the property involved and what they would have received had Hayes complied with his election to take at the first appraised value. The proceedings are involved, but a statement of the progress of the litigation is desirable.

Hayes and one J. A. Brown brought the partition proceedings against the two defendants referred to and many others. Some were served by publication notice and some disclaimed, so that in October, 1927, nine months after the petition was filed, partition was decreed and commissioners in partition appointed. On October 29, 1927, the commissioners reported they could not make partition in kind and appraised the property at $2,400. On July 10, 1936. was filed an order purporting to be dated December 6, 1927, approving the commissioners' report. On August 3, 1928, an application to take at the appraised value was filed by Hayes. On that said day was filed an order dated December 6, 1927, granting Hayes permission to take at the appraised value, and directing the sheriff to deliver proper deed to Hayes when the $2,400 was paid.

March 2, 1928, defendants in error, through their guardian ad litem, filed an application asking contempt citation against Hayes for failure to comply with his bid, and a motion asking the court to vacate and set aside the order approving the bid of Hayes, and asking that costs be taxed against him. A demurrer to this application was filed June 29, 1928. and on August 3, 1928, a withdrawal of Hayes' application to take was filed.

Nothing further was done until October 30, 1931, when J. A. Brown, one of the plaintiffs, filed a motion to vacate the order of approval, asking for a reappraisement. December 17, 1931, Brown filed another motion to the same effect, adding the statement that Hayes was not able to comply with his bid. January 20, 1932, the court acted upon those motions, vacated the order made allowing Hayes to take, and ordered a new appraisement by the same commissioners. On January 21, 1932, the commissioners reported a new appraisement of $1,200. On January 25. 1932, the defendants in error, Mana and Charlie Arch, filed motion to set aside the order of January 20th, which directed the reappraisement.

More than a year later, April 29, 1933, the plaintiffs filed motion asking the court to overrule the motion of January 25, 1932, and allow the sale to proceed.

In 1936 another party was made defendant and he filed a petition on June 19, 1936, to vacate the order of January 20, 1932, and to appoint new appraisers. And on July 1, 1936, Mana and Charlie Arch filed the petition upon which their judgment is founded. They recite some of the former proceedings and pray that after a sale is had they recover from Hayes the difference in the amount received and the amount they would have received if he had taken the land at the appraised value.

July 18, 1936, there was filed, as of date of June 29, 1936, an order which apparently was meant to bring order out of the somewhat chaotic condition of the proceedings as shown by the foregoing recitals. This order refers to the numerous pleadings, motions, and orders, and after finding that the various motions and applications should be acted on, the court by said order passed upon the various matters as follows:

The order of January 20, 1932, ordering reappraisement, was set aside and vacated and new commissioners appointed.

The motion of the defendants in error filed March 2, 1928, was overruled.

The demurrer filed June 29, 1928, was overruled.

The application for citation filed March 2, 1928, was denied.

The motion of J. A. Brown filed December 17, 1931, was denied.

The motion of J. A. Brown filed April 29, 1933, was overruled.

The motion of Mana and Charlie Arch filed January 25, 1932, was sustained, except for the question of taxing costs.

The withdrawal of bid by Hayes was stricken.

The order of December 6, 1927, filed August 3, 1928, was vacated and held for naught.

The motion of plaintiffs filed October 30, 1931, was denied.

The commissioners' original report filed October 29, 1927, the approval thereof dated December 6, 1927, but filed July 10, 1936, were stricken, set aside, and held for naught.

No exceptions were taken to this order, and the property was sold at a figure considerably less than two-thirds of the appraised value made at the first appraisement. After confirmation of such sale, the court entered the judgment against Hayes from which he appeals in this case.

Our statutes do not fix a time within which election to take at the appraised value shall be made, nor do they specify any procedure for determining the time such election should be on file before election by others is barred. Nor do the statutes provide any method for charging one who has elected to take with the deficiency in case he fails to comply and a sale is had at a lower sum than would have been received. Furthermore, we find no statutory inhibition against the withdrawal of an election, when same is made before tender of deed. We look to other sales for analogy.

Assuming, but not deciding, that it is possible by petition filed in the partition case before the second sale, and without issue of summons, to charge one party to the proceedings with the damages resulting from his failure to take, we think the judgment here is wholly erroneous and must be reversed. We think that before such a petitioner can recover he must show a valid outstanding judgment or decree in partition, a confirmation of the commissioners' report, an election by the adverse party to take, an acceptance of the election, and a direction by the court to the sheriff to execute a deed, a tender of such deed and a refusal to accept such deed and pay the money, a finding by the court of such facts, and directions for a sale (if no further elections are made). We do not see how the fact both parties may be parties to the suit makes any difference.

The ordinary rule is that a judicial sale is not complete until confirmation. Defendants in error cite us to 47 C. J. 544, 545 (sections 741 and 742), but, as we read those sections, the controlling principles therein given favor the plaintiff in error. We quote:

"As in the case of similar sales, the court may order the property resold at the first successful bidder's risk and expense, if he refuses without reason to comply with his bid. * * *

"Before making the order, the court must first call upon the bidder to show cause why he has not complied with his bid. * * *

"If the bidder gives no sufficient reason for his default the order for resale should direct that it be made at the risk and expense of the original purchaser. * * *

"The defaulting bidder * * * may claim relief on the ground that the order of resale was made without giving him any opportunity to show cause why he should not complete his purchase. * * *"

Here in the general order above referred to the court denied the application seeking to compel Hayes to show cause why he should not comply and set aside the original appraisement and the order accepting his bid. Hayes had a right to believe, because no exceptions were made, that all parties acquiesced in the order vacating the original proceedings and ordering a resale.

The Court of Appeals of Kentucky in the case of Blakeley's Adm'x v. Hughes, 130 S. W. 1067, reaffirmed a decision theretofore made in Cowper v. Weaver's Adm'r, 84 S. W. 323, wherein it was decided that by treating the first order as a nullity precluded any one from holding the first purchaser liable for deficiency. In the later case the court said:

"In the judgment directing a resale the court ordered the commissioner to treat the first sale as if it had not been made. The second sale realized less than the first. A rule was awarded against the purchaser at the first sale to show cause why he should not pay the difference. It was held that the action of the court in ordering the first sale to be treated as a nullity and re-selling, and confirming the last sale, was a waiver of the right to enforce the first, either by requiring a specific execution, obviously enough, or by assessing damages because of its breach by the purchaser, a principle equally clear and just."

We think that statement correct. The first sale must be valid and enforceable, before the purchaser thereat is liable. Obviously when the commissioners' report and the order accepting a bid and directing deed are set aside, there is nothing with which the alleged purchaser can be compelled to comply. There must be a valid outstanding appraisement, and a valid outstanding order accepting bid and directing issuance of a deed, followed by some proper hearing as to the refusal to comply, before the second sale can be ordered. And, as here, when, without objection, these prior proceedings do not exist or have been annulled, it is as if they never existed; hence no one can be held liable under them.

It follows that the judgment must be reversed.

It is so ordered.

BAYLESS, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur.