## Vaught v. Vaught et al.

Feb. 29, 1944.

B. J. Bethurum for appellant.

R. C. Tartar for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Dismissing appeal.

Paris Vaught is attempting to appeal from an order setting aside a commissioners' report recommending a partition of a tract of land between him and his two sisters whom he made parties defendant in this action.

Since we have reached the conclusion the order was merely interlocutory and not final, the appeal must be dismissed, because, as pointed out in Viall v. Coulton, 288 Ky. 690, 157 S. W. (2d) 302, this Court has jurisdiction only of appeals from final orders; and, therefore, an appeal from an interlocutory order will be dismissed, even though the appellee does not move to dismiss. In Warfield Natural Gas Co. v. Cassady, 266 Ky. 217, 98 S. W. (2d) 495, we said that an order appointing commissioners to partition land is not final, but an order which fixes and effectually adjudges the extent of the interest of the owners and their respective parts or rights is a final order from which an appeal will lie.

Reference to 40 Am. Jur., Partition, section 82, will show there is much confusion in the authorities as to what constitutes an interlocutory or a final order in a partition suit. See also 4 C. J. S., Appeal and Error, Sec. 145. Apparently, this is the first time an attempt has been made in this jurisdiction to appeal from an order setting aside a commissioners' report in a partition suit. Likewise there seem to be few cases in foreign jurisdictions on this particular point. In the case of Trapp v. Shull, 278 Mo. 305, 212 S. W. 883, the Supreme Court of Missouri held, under a statute which authorized an appeal from interlocutory orders in actions of partition which determined the rights of the parties, that an appeal would not lie from an order setting aside a commissioners' report on the ground

there was no determination of the rights of the parties, because they were left just as they existed prior to the filing of the report. This reasoning seems to us to be sound. Obviously, in the case at bar, there has been no final determination of the rights of Paris Vaught and his two sisters. Judgment has been entered directing a partition of the land which they own jointly, and the next step will be for the chancellor to appoint new commissioners to make the partition.

We can not refrain from saying in passing, however, that we are of the opinion the chancellor abused his discretion in setting aside the commissioners' report. The appellees insisted that an inequitable division had been made because too much acreage had been allowed the appellant. Notwithstanding this, he offered to trade shares with either of his sisters, and it is obvious to us that, if anyone was on the short end of the rope, it was Paris Vaught.

It follows from what has been said that the appeal must be and it is dismissed.