WILLIAMS v. SKINNER et al.

No. 30639.   Feb. 27, 1945.

Rehearing Denied April 3, 1945.

*157 P. 2d 181.*

Leander Hall, of Hominy, for plaintiff in error.

C. K. Templeton, guardian ad litem, of Pawhuska, and W. Lee Johnson, of Pawnee, for defendants in error.

PER CURIAM. On the 14th day of October, 1940, the plaintiff, O. H. M. Williams, filed his petition for partition of the N.½ of the S.W.¼ of section 18, township 21, R. 8, Pawnee county, Okla., consisting of 80 acres. In an amended petition he included some real property located in the city of Pawnee which is not at this time involved in the proceedings. The plaintiff is the owner of a one-sixth undivided interest in said 80 acres of land inherited from his mother. Three others own one-sixth interest and the remaining defendants own the balance divided as follows: five defendants three-fifty-fourths each, three defendants one-fifty-fourth each, making the whole of the said 80 acres.

Plaintiff resided on the 80 acres and occupied the same as a homestead and was so occupying the same at the date of the trial. There is an oil lease on the premises and it produces for the entire cotenancy estate a small amount of oil per month. Plaintiff frankly admits that it is his purpose to obtain the land contiguous to the house and pay for the improvements on his one-sixth of said acreage and acquire by purchase any dissatisfied cotenants.

Most of the defendants joined in the request for partition at some time, but the guardian ad litem for certain minors filed an answer alleging that it would be inequitable to divide and partition the oil rights into small portions. Issues were joined by reply where necessary and the court appointed commissioners who made their report finding that the whole estate, including the oil rights, was incapable of being fairly partitioned in kind and recommended that the real property including the oil rights be sold together, and they thereupon returned an appraisement. The court, having heard evidence on the filing of the report of the commissioners, approved the finding of the commissioners and appraisement and ordered a sale. A sale was had and the confirmation thereof was withheld pending the appeal. No question is raised as to the appealability of the order, and we do not consider same.

O. H. M. Williams alone appeals and the remaining defendants must be deemed satisfied with the judgment and order of sale. Plaintiff presents three propositions. The first proposition is that the court erred in not setting aside one-sixth of the 80 acres involved and allowing him to purchase the improvements thereon by paying an appraised value to the remaining cotenants. Thus plaintiff objects to the judgment of the court ordering the sale and the report of the commissioners inasmuch as it does not separately appraise the improvements so that he might pay their value into a common fund for the benefit of the remaining defendants.

In the second proposition plaintiff argues that the commissioners should have recommended the sale of the oil interest apart from the surface rights, and that the court erred in refusing to order a sale of the oil interest separate and apart from the surface rights. It seems to be his contention that the oil interest should either have been divided with the land by partition in kind or sold separately and then the land divided in kind. His argument is not quite clear on this issue and the defendants in error accuse him of being inconsistent in his argument. Obvious-

ly, it would be impossible both to partition the oil interest together with the land in kind, and also sell the oil interest separately. The position of plaintiff that it was the duty of the commissioners to separately appraise the improvements on the land so that he might pay the cotenancy for such improvements and have it divided among the remaining defendants is untenable. The only question at issue is the right of the trial court under the circumstances to order a sale on the report of the commissioners.

We are of the opinion, and hold, that the court in the exercise of its discretion correctly ordered the premises to be sold.

The court has the power to make any order not inconsistent with the provisions of 12 O.S. 1941 § 1501 et seq. that may be necessary to a just and equitable partition, and to order a sale where the property is incapable of partition in kind. Coker v. Vierson, 170 Okla. 528, 41 P. 2d 95; Briges v. Sperry, 95 U.S. 401, 24 L. Ed. 390; Wolfe v. Stanford, 179 Okla. 27, 64 P. 2d 335; Erwin v. Hines, 190 Okla. 99, 121 P. 2d 612; 40 Am. Jur. Partition, sec. 83.

In a third proposition plaintiff urges that the trial court erred in not accepting the election of plaintiff and the defendant in error Adelia Skinner to buy the property at the appraised value. Adelia Skinner filed no cross-petition and has waived any error. The remaining parties withdrew their election.

We find no error in ordering the sale over any former election to take the property.

Affirmed.

HURST, V. C. J., and RILEY, OSBORN, WELCH, CORN, and ARNOLD, JJ., concur. GIBSON, C. J., and BAYLESS and DAVISON, JJ., dissent.