### HARGIS v. HARGIS et al.

No. 27292.   Nov. 16, 1937.

Rehearing Denied Dec. 7, 1937.

E. N. Jones, for plaintiff in error.

C. F. Green, for defendants in error.

PER CURIAM. This appeal comes from the district court of Pontotoc county and arises out of a partition action in said court.

The commissioners appointed in the partition proceeding found that the property which they were directed to partition was incapable of division between the 26 tenants in common, and thereupon appraised the same and made their report to the court. The plaintiff in error, Robert E. Lee Hargis, and the defendant in error, Sam H. Hargis, Jr., elected, in opposition to each other, to take the property at the appraised value. The court thereupon directed the sheriff to sell the property in the same manner as in sales of real estate on execution. The sheriff proceeded as directed and advertised the property for sale. On the date named in the notice of sale the plaintiff in error and the aforesaid defendant in error appeared and bid against each other for the property. The bid of the defendant in error was accepted and the property was struck off to him. The sheriff made due return of the sale. The defendant in error filed a motion to confirm said sale and also an application for permission to distribute the proceeds of the sale to the interested parties, after deducting certain costs and charges in connection therewith, wherein he advised the court that he was obtaining a loan on the property to be used for such purpose. All the parties except the plaintiff in error gave their written consent to this procedure. No objections or exceptions were made or filed thereto, and on December 30, 1935, the court confirmed the sale and relieved the sheriff of the duty of distributing the purchase money and directed the defendant in error to make such distribution to the parties interested. The court also found and decreed that the plaintiff in error had received more than his proportionate share of the proceeds to which he was entitled from the sale of said property. Thereafter, on January 6, 1936, plaintiff in error filed a motion to set aside the sale and to vacate the order of confirmation, the grounds alleged being that the sale had not been made for cash and hence was illegal and void, and as such constituted a fraud upon the court, and that the court was without right, power, or authority to confirm such sale. This motion was heard and denied on January 15, 1936, and this appeal is prosecuted from said order. The sole contention of the plaintiff in error is that the sale was illegal and void by reason of the failure of the purchaser to pay the purchase price in cash to the sheriff. The facts are not in dispute. It is conceded that the purchase price was not paid to the sheriff. The court was cognizant of this fact when the order of confirmation was made. The question for determination here is purely one of law.

The plaintiff in error insists that the question has been decided in accordance with his contention by this court in the cases of Price v. Citizens State Bank, 23 Okla. 723, 102 P. 800, and Pettis v. Johnston, 78 Okla. 277, 190 P. 681. If a sheriff's sale in a partition action is to be treated in all respects the same as a sheriff's sale on execution, there would be much merit in this contention.

The procedure in a partition action is outlined in chapter 3, art. 9, O. S. 1931, same being sections 749-764, inclusive. The sections pertinent to the matter under discussion are 761, 762, and 764, O. S. 1931. In section 761, supra, it is provided:

"If none of the parties elect to take the property at the valuation, or if several of the parties elect to take the same at the valuation, in opposition to each other, the court shall make an order directing the sheriff of the county to sell the same, in the same manner as in sales of real estate on execution; but no sale shall be made at less than two-thirds of the valuation placed upon the property by the commissioners."

Section 762, supra, makes the following provision:

"The sheriff shall make return of his proceedings to the court, and if the sale made by him shall be approved by the court, the sheriff shall execute a deed to the purchaser, upon the payment of the purchase money, or securing the same to be paid, in such manner as the court shall direct."

Under section 764, supra, we find the following:

"The court shall have full power to make any order, not inconsistent with the provisions of this article, that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

The above-quoted sections were adopted from Kansas and have been construed by the Supreme Court of that state in Swain v. Osborn, 87 Kan. 828, 126 P. 1074; Phipps v. Phipps, 47 Kan. 336, 27 P. 972, and Hazen v. Webb, 65 Kan. 38, 68 P. 1096.

In Swain v. Osborn, the court said:

"While the remedy of partition is statutory, the court enforcing it has substantially the same powers as were exercised by courts of chancery under the former equity practice."

It will be noted that while section 761, supra, provides that the sale in partition proceedings is to be conducted in the same manner as sales of real estate on execution, the subsequent section 762, supra, expressly directs the execution of a deed to the purchaser either upon payment of the purchase money or securing payment in such manner as the court may direct. While this court has not had occasion heretofore to pass upon the effect of the last-mentioned section, it has construed section 761, supra, in the case of Benson v. Fore, 136 Okla. 185, 276 P. 742, wherein it was held that the language of said section did not require the issuance of an execution and an appraisement thereunder, but that an order of the court directing sale subject to the appraisement by the commissioners was sufficient and all that was contemplated by the statute. We think that it is apparent from reading the above sections of the statute that the Legislature intended the statute to be merely directory, and that by section 762, supra, it expressly provided flexible conditions relative to the payment of the purchase price so that the court could adjust the same to meet the requirements of any particular situation. This, in our opinion, comports both with common sense and the nature of the proceedings had in partition. The purpose of a partition action is to effectuate a division of property between the parties entitled thereto. If a sale is necessary, it is to be conducted in the same manner as sales of real estate on execution, and if a stranger to the proceedings appears and purchases the property, then he may very properly be required to pay the purchase money before receiving a deed. On the other hand, if one of the interested parties becomes the purchaser of the property, he should not be required to pay the entire purchase price, but only the difference between the value of his interest in the property and the purchase price, and in doing so the court may properly direct how and to whom such payments shall be made. We can perceive no good reason why the manner of making such payments, whether to the sheriff or to the party interested, should not be a matter to be controlled by the court in its sound discretion, and we are of the opinion that such was and is the purpose of section 762, supra, and that this conclusion is fortified by the language contained in section 764. In the instant case the plaintiff had an undivided one-eighth interest in the property, and consequently was entitled to that proportionate share of the proceeds of the sale. If he received this amount, it was immaterial to him whether the purchase price was paid to the sheriff or not. It appears from the record before us that the plaintiff in error had received all that he was entitled to receive from the property before he filed his motion to set aside the sale and to vacate the order of confirmation. Under these circumstances, the plaintiff in error fails to show that he had been in any manner prejudiced by the order of the court confirming the sale and the denial of his motion. The law is with the defendants in error, and the record shows no reversible error.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY, WELCH, and DAVISON, JJ., absent.