MEADORS v. OZMENT.

No. 31965. Nov. 20, 1945.

*163 P. 2d 533.*

C. H. Baskin, of Holdenville, for plaintiff in error.

Sandlin & Balch, of Holdenville, for defendant in error.

RILEY, J. This is an appeal from a decree confirming the report of commissioners in an action for partition of land. The land involved is the west half of northeast quarter, section 9, township 8 north, range 10 east I. M., in Hughes county. Dean F. Ozment owned an undivided one-third interest and defendant Meadors owned an undivided two-thirds interest of the surface. Ozment brought the action for partition. Commissioners appointed filed their report finding that partition of the surface could be made without manifest injury to the parties, and awarded to plaintiff Ozment an approximate 37½ acres, described; and to defendant an approximate 42½ acres, described. The dwelling house is located on that part awarded to defendant Meadors. Plaintiff moved the court to confirm and approve the report.

Defendant objected to the report and alleged that all the good, tillable land was awarded to plaintiff, and the poor, nontillable land was awarded to defendant. At the close of all the evidence, the court entered its decree confirming the report. Defendant appeals.

This is an action equitable in nature; the judgment and decree of the trial court should be affirmed if it is not clearly against the weight of the evidence. Hargis v. Hargis, 181 Okla. 377, 73 P. 2d 1129; Wilkerson v. Wilkerson, 169 Okla. 232, 36 P. 2d 935.

The commissioners appointed by the court were all men well experienced in the value of farm land in Hughes county and in the vicinity of the land involved. They all testified to the effect that they viewed the premises and in their opinions the division made was fair. There is some conflict in their testimony as to the total value of the property involved, but they were apparently disinterested, and all testified that the partition as made was equitable, taking into consideration the fact that the improvements were on that part of the land awarded to defendant. The award gave to plaintiff about eleven acres more than one-third of the 80-acre tract, but all the witnesses who testified on the question, except defendant Meadors, agreed that the dwelling house constituted about one-third of the total value of the property. The record shows that for the two years next preceding the hearing the

land had been rented, not including the dwelling house, for crop rents, and the house had been rented separately for cash, and that the rent for the house amounted to about one-third of the total income.

There is conflict in the evidence as to the amount and respective productive value of the tillable land awarded.

From the evidence as a whole as to the value and as to income, we cannot say as a matter of law that the judgment is clearly against the weight of the evidence.

Affirmed.

GIBSON, C. J., HURST, V. C. J., and OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.