HERRON TRUST and Minnie Thomas, now Loring, Plaintiffs in Error,

v.

Lee SWARTS, Defendant in Error.

No. 38588.

Supreme Court of Oklahoma.

April 18, 1961.

Tom Finney, Lloyd Story, Idabel, for plaintiffs in error.

Ed R. LeForce, William N. Christian, Idabel, for defendant in error.

JACKSON, Justice.

This action was brought in the trial court by Lee Swarts, as plaintiff, against the defendant, Herron Trust, et al., for the purpose of quieting title to 239.60 acres of land in McCurtain County, Oklahoma. After determining the interests of the parties, commissioners were appointed for the pur-

pose of partitioning the land under appropriate provisions of 12 O.S.1951 §§ 1501–1516, as amended. The questions presented involve a proper construction of 12 O.S.1951 § 1512, as amended in 1953 (12 O.S.Supp, 1959, § 1512), which provides as follows:

> "If partition cannot be made, and the property shall have been valued and appraised, any one or more of the parties may elect to take the same at the appraisement, and the court may direct the sheriff to make a deed to the party or parties so electing, on payment to the other parties of their proportion of the appraised value. Such election shall be filed within ten (10) days of the filing of the valuation and appraisement report provided that the court may, before expiration of the said ten (10) days, fix a different and longer period for the filing of elections."

The report of the commissioners was filed on November 18, 1958. The report shows that the commissioners viewed the land and concluded that the land could not be partitioned in kind and further found that a portion of the land had valuable commercial timber growing thereon and valued the land (exclusive of merchantable timber) at $1,200, and the merchantable timber at $9,600. On the same day, November 18, 1958, plaintiff, Lee Swarts, elected to take the land and the timber at the appraised values.

More than ten days thereafter and on December 12, 1958, the defendant, Herron Trust, elected to take the land and timber at the appraised values.

On December 18, 1958, and before the court approved the report of the commissioners, the defendant, Herron Trust, filed an additional pleading, entitled "Objection and Motion of Herron Trust." In this objection and motion Herron Trust alleged that the plaintiff and defendant had both elected to take at the appraised value and further alleged that the land and timber would sell at public sale for more than the appraised value as fixed by the commissioners and stated that the defendant, Her-

ron Trust, was ready and willing to enter a bid of $10,560 for the timber and a separate bid for the land of $1,320.

In its journal entry the trial court found that "no objections having been made or exceptions taken to said report" of the commissioners entered its order approving the report of the commissioners. The election of Herron Trust to take at the appraised values was stricken from the record because the election was not filed within ten days of the filing of the valuation and appraisement report. The trial court then denied the objections of Herron Trust to the issuance of a deed to Lee Swarts, and also denied Herron Trust's motion to have the land sold at public sale. The sheriff of McCurtain County was then ordered and directed to execute and deliver a deed to the plaintiff, Lee Swarts. From these orders or journal entry the defendant, Herron Trust, has appealed.

█ The first question presented is whether the trial court erred in striking from the record the election of Herron Trust to take the land and timber at the appraised values fixed by the commissioners. We conclude that this was not error.

The last sentence of 12 O.S.Supp.1959 § 1512, supra, specifically, and we think mandatorily, provides that an election to take *shall* be filed within ten days of the filing of the commissioners report, unless the court before the expiration of the ten days has fixed a different and longer period for the filing of elections. In this case the trial court had not extended the ten day period for filing of elections and there being no charges of fraud or improper conduct it is apparent that an election to take at the appraised value on December 12, 1958, was not within the ten day period allowed by Section 1512, supra, as amended.

█ The second and more troublesome question is whether the trial court erred in overruling the objection to the execution of a deed in favor of Lee Swarts and motion of Herron Trust for a sale of the land and timber at a public sale. The trial court found that no objections or exceptions had

been taken or made to the report of the commissioners. We think this was an erroneous finding. It is true that Herron Trust did not allege that the appraisement was inadequate or entirely too low. It was alleged, however, that if the property were sold at public sale it would bring an amount substantially more than the amount of the appraisement. This was in effect an exception to the report of the commissioners. The offer to pay $1,080 more for the land and timber than the appraisement constituted proof that the land would sell at public sale for an amount substantially more than the amount of the appraisement, conditioned of course that the court was satisfied such an amount would be paid.

█ In the *first* sentence of 12 O.S.1959, § 1512, supra, it is provided in material part that any one or more of the parties may elect to take the property at the appraisement "and the court *may* direct the sheriff to make a deed to the party or parties so electing." This does not appear to be mandatory language and if there is sound reason why the court should not direct the sheriff to execute and deliver a deed it appears that the court may refuse to do so. In Clement v. Ferguson, Okl., 287 P.2d 207, at page 213, in construing the *first* sentence of Section 1512, as amended, we said:

> " * * * but the provision of sec. 1512, supra, as amended, that where *one* or more of the parties elect to take, ' * * * the court *may* direct the the sheriff to make a deed to the party * * *' (emphasis ours) is obviously, by its plain wording, permissive, rather than mandatory, and vests in the court discretionary powers as to giving such direction. In this connection, and as to related matters, see Hargis v. Hargis, 181 Okl. 377, 73 P.2d 1129."

In the cited case of Hargis v. Hargis the court determined that 12 O.S.1951 §§ 1513 and 1514 were not mandatory. In so holding the court quoted 12 O.S.1951 § 1516, which provides as follows [181 Okl. 377, 73 P.2d 1130]:

"The court shall have full power to make any order, not inconsistent with the provisions of this article, that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

The court concluded:

" * * * We think it is apparent from reading the above sections of the statute that the Legislature intended the statute to be merely directory, and that by section 762, supra, (12 O.S.1951, § 1514) it expressly provided flexible conditions relative to the payment of the purchase price so that the court could adjust the same to meet the requirements of any particular situation. This, in our opinion, comports both with common sense and the nature of the proceedings had in partition."

In 12 O.S.1951 § 1510, it is provided:

"Any party may file exceptions to the report of the commissioners, and the court may, for good cause, set aside such report, and appoint other commissioners, or refer the matter back to the same commissioners."

■ The statute does not fix a time limit during which exceptions to the report of the commissioners may be filed. 12 O.S.1951 § 1511, provides that if no exceptions to the report are filed then the court shall render judgment that such partition be made. Since no time limit has been fixed during which exceptions to the report of commissioners may be filed, and since Section 1516, supra, gives the trial court "full power to make any order, not inconsistent with the provisions of this article, that may be necessary to make a just and equitable partition between the parties," we think it clear that the trial court may consider any exceptions to the report of the commissioners that are filed prior to the time the trial court has approved the report of the commissioners. As heretofore shown, Herron Trust filed its objection and motion, or exceptions, before the court had approved the report of the commissioners.

There is sound reason under the facts in this case why the trial court should not have directed the sheriff to execute and deliver a deed to the plaintiff, Lee Swarts. Under the sections of the statute and cases from which we have quoted the trial court had authority to make such orders as would "comport with common sense and the nature of the proceedings." The trial court could have caused the advance bid of Herron Trust to be paid into court, or otherwise placed under the control of the court, and directed that the property be sold at public sale to the highest bidder for not less than a total of $11,880. Or, under the provisions of 12 O.S.1951 § 1510, it could have set aside the report of the commissioners, appointed other commissioners, or referred the matter back to the same commissioners for a further appraisement and report.

In holding that the trial court should have refused to direct the sheriff to execute and deliver a deed to Lee Swarts we do not mean to hold that a trial court should in all cases refuse to direct the sheriff to execute a deed where an offer is made over and above the amount of the appraisement and report of the commissioners. Such decision rests upon sound judicial discretion, taking into consideration the amount of the advance offer, the extra court costs involved, and any other substantial reasons that may come to the attention of the court. In any event the advance offer should be sufficiently substantial to overcome other matters appropriately to be considered. See 31 Am.Jur. Judicial Sales § 105.

The judgment of the trial court in striking from the record the election of the Herron Trust to take the land and timber at the appraised value as fixed by the commissioners is affirmed. The judgment of the trial court directing the sheriff to execute and deliver a deed to Lee Swarts is vacated and set aside with instructions to the trial court to proceed as follows: the trial court should first satisfy itself that Herron Trust is still ready to pay $11,880 for the land and timber. In this connection the court may require that a cash deposit or a cash bid of $11,880 be placed at the

disposal of the court as a guarantee that the land will not be disposed of for less than $11,880; or the court may satisfy itself by any other proper orders or undertakings that may be required by the court. If Herron Trust refuses to comply with any orders the court may make in this connection, then the trial court is directed to re-instate its former order and direct the sheriff to execute and deliver a deed to the plaintiff, Lee Swarts. If however, Herron Trust satisfies the court, under such orders as the court may require, that not less than $11,880 will be realized from the land and timber whether by reappraisement or by sale, then the trial court should elect whether it will cause the land and timber to be sold at a public sale or whether it will set the appraisement aside and order a new appraisement under the provisions of Section 1510, supra.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY and BERRY, JJ., concur.

BLACKBIRD, V. C. J., and JOHNSON and IRWIN, JJ., dissent.

BLACKBIRD, Vice Chief Justice (dissenting).

I cannot concur in the Majority opinion. In my opinion it not only misconstrues Title 12 O.S.1951 § 1512, as amended in 1953 (Chap. 28, sec. 1, S.L.1953, p. 60), but I verily believe it also misconstrues our opinions in Clement v. Ferguson, Okl., 287 P.2d 207, and Hargis v. Hargis, 181 Okl. 377, 73 P.2d 1129, quoted therein.

In the Clement case, we held that in a situation like the one there presented, where the election to take, previously filed by one of the defendants (within the 10-day period) had been withdrawn and [287 P.2d 213] "* * * there was then on file only one election to take * * *", it was within the trial judge's *discretion*, under Section 1512, supra, whether he would direct the sheriff to make a deed to the party that had filed that sole remaining election. This is "a far cry" from holding, as the Majority does, in effect, that such judge *must* give consideration to a party who has not filed

such an election within the statutory 10-day period. I do not believe the cited case supports the Majority opinion *even by inference*.

The 1953 amendment of section 1512, supra, says such elections *"shall* (as distinguished from "may") be filed within ten (10) days * * *" of the Commissioner's report (as to the usual interpretation of "shall" see State ex rel. Ogden v. Hunt, Okl., 286 P.2d 1088, 1090); and the Majority opinion recognizes that the pleading entitled "Objection And Motion Of Herron Trust" was not filed within said period, or any extension thereof. This is the same pleading that said opinion later refers to as "the objection to the execution of a deed in favor of Lee Swarts and motion of Herron Trust for a sale of the land and timber at a public sale", which the opinion considers "in effect an exception to the report of the Commissioners." If we are to hold that such a pleading, so interpreted by this Court, and filed after the statutory time limit, must be treated as a timely election to take, so as to invoke the mandate of Title 12 O.S.1951 § 1513, that "* * * the court shall make an order * * *" directing the property's sale "* * * in the same manner as in sales * * * on execution * * *", then we are not only inviting litigants to circumvent the "10-day amendment", but we are indirectly abrogating or emasculating it. In other words, we are "amending" the Amendment by so-called "judicial legislation" in a manner inconsistent, rather than "not inconsistent with the provisions of this article"—to use an expression quoted by the Majority from Hargis v. Hargis, supra. Under the majority opinion, if one of the parties neglects to file his election within the mandatory period, all he will need to do, in an effort to defeat the court's power to order a sale to the party who *has* filed his election within the statutory time, is to file, at any time before the Commissioner's report is approved, some kind of a pleading that this court may interpret as an exception, or objection, to the Commissioner's report. In some counties where a district judge is

available only periodically, this may give such party a long time within which to delay the proceedings—a result which the mandatory "10-day amendment" clearly and unmistakably prohibits.

But, assuming that it was within the trial court's discretion to consider Herron's pleaded "objection" or "exception", supra—as far as the transcript before us shows—he exercised that discretion, and "denied" it on its merits. On what basis are we to say, without a casemade, or complete record, of all that occurred at the hearings on the matter, that said court abused his discretion? Suppose that such a record would show conclusively that Herron could not, or would not, have qualified as a responsible or bona fide prospective purchaser of the property? Is it to be given another opportunity to purchase the property, or delay its sale, when it has never filed a timely election? If so, the statute (sec. 1512, as amended, supra) must be ignored. I think the trial court should be affirmed for the simple or elementary reason that it followed the statute. I therefore respectfully dissent. I am authorized to state that IRWIN, J., concurs in the views herein expressed.