J. O. McMANUS, Plaintiff in Error,

v.

Fannie HULL et al., Defendants in Error.

No. 39775.

Supreme Court of Oklahoma.

Nov. 28, 1962.

R. H. Mills, Durant, for plaintiff in error.

James W. Batchelor, Durant, for defendants in error.

HALLEY, Justice.

Partition of two city lots with improvements (hereafter referred to as the property) was decreed and commissioners were appointed. The commissioners reported that they could not make partition of the property among the parties according to their interests without manifest injury and made valuation and appraisement of the property at $1,500. Two of the nine parties who are owners of the property elected to take the same at the valuation, in opposition to each other. Those two, J. O. McManus and Idabelle Foster, are the only two involved in this appeal and will be referred to by name herein. The trial court made an order directing the county sheriff to sell the property. Proper notice of sale was given and the sale was accordingly held at 10:00 a. m. on April 5, 1961. Mr. McManus was the purchaser for $1,200 and gave his check for that sum to the sheriff who made return of his proceedings to the court. At approximately 11:00 a. m. on that date the attorney for Mrs. Foster went to the sheriff's office and advised him that he had a higher bid to make, in the sum of $2,000. On April 6, 1961, Mrs. Foster, by her attorney, filed a motion to vacate the sale, and therein alleged substantially the facts outlined above. Mr. McManus filed a response to that motion and filed a motion in his own behalf to confirm the sale. Mrs. Foster (and one other party, who were plaintiffs below) filed an answer to the motion to confirm sale praying that the court deny the mo-

tion to confirm, that the property be readvertised for sale and that the additional costs be taxed against Mrs. Foster. Included in the answer were the following allegations:

"(3) The plaintiffs further state that the sale was not a fair sale contemplated by the applicable statutes in that prospective bidders were discouraged from bidding because of statements made by various persons that an outside bidder could not buy the property because the sale was merely a formality to clear the title; that no useful purpose would be served in bidding upon it since one of the interested parties would buy the property even though compelled to bid more than the property is actually worth. Such rumors were so well known to those who were interested in bidding on the property that a fair sale was not held because of the lack of interested bidders resulting from such rumors.

"(4) The plaintiffs further state that the value of said property which comprises approximately 43,680 square feet in the 300 Block of South Fourth Street, is at least $2,000.00 which amount the plaintiff, Idabelle Foster, will pay for said property if the Sheriff's Sale herein is not confirmed.

"(5) That the sale price of $1,200 is so disproportionate to the actual value of the property as to unduly deprive the other parties to this proceeding of their fair share of the proceeds to be derived from the sale thereof, * * *"

After a hearing on the motions at which time evidence was taken on the issues raised by Mrs. Foster's answer, the trial court found that the sale price of $1,200 was so disproportionate to its true value as to require its discretion to be exercised in refusing to confirm the sale; that there were rumors circulated at the sheriff's sale that it would be useless for an outsider to bid at the sale; and that since Mr. McManus and Mrs. Foster had each elected to take the property for $1,500, it would be inequitable to permit either to buy it for less, unless the election of the other were withdrawn. Based on these findings the trial court overruled the motion to confirm sale and ordered a new sale. Mr. McManus filed a motion for new trial which was overruled and he appeals.

Mr. McManus cites several cases which state the rule that mere inadequacy of price is not sufficient to justify the court in refusing to confirm a judicial sale, unless the price is so grossly inadequate and unconscionable as to shock the conscience of the court, or unless there are additional circumstances of fraud, unfairness, inadvertences, or irregularities. See, for example, Local Federal Sav. & Loan Ass'n v. Knie, 177 Okl. 633, 61 P.2d 635. And based on such line of authority McManus argues that the difference of $1,200 and $2,000 is not such gross inadequacy as to shock the conscience of the court. But in the instant case there was sufficient evidence presented that the sale price was inadequate and also that there were additional circumstances of unfairness or irregularity. There was evidence to sustain the court's finding of rumors circulated (although not by Mr. McManus) at or prior to the sale which tended to chill the bidding; it was undisputed that Mr. McManus and Mrs. Foster had each elected to buy the property, prior to the sale, for the appraised value of $1,500; and Mrs. Foster by her answer made an advance bid of $2,000 and offered to pay the costs of readvertisement and sale.

Our partition statutes allow the trial court to exercise its judicial discretion at any stage of the partition proceedings and each case must stand on its own facts. 12 O.S.1961 § 1516, provides:

"The court shall have full power to make any order, not inconsistent with the provisions of this article, that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

The second and third paragraphs of the syllabus of State ex rel. Com'rs of Land

Office v. Harrower, 167 Okl. 269, 29 P.2d 123, are:

"2. A court of equity has a discretion as to ordering or refusing a resale of property sold at judicial sale.

"3. Mere inadequacy of price, however, without more, will not justify a court in setting aside a sale, unless an advance bid is tendered. The only test a court can have of the value of property sold at a forced sale is the price it would bring on due notice at a public sale fairly conducted."

In Hargis v. Hargis, 181 Okl. 377, 73 P.2d 1129, we held:

"The decrees and orders of a district court made in a partition action are equitable in their nature and will not be disturbed by this court in the absence of a showing of substantial prejudice caused thereby."

We hold that the facts presented to the trial court justified it in invoking its discretionary powers by refusing to confirm the sheriff's sale and ordering a readvertisement and sale. Mr. McManus has made no showing of substantial prejudice in the court below nor in his brief filed herein, if the property be sold for $2,000 or more upon a resale. The judgment of the trial court, not being against the clear weight of the evidence, is therefore sustained to the extent that it goes. However, we conclude, upon examination of the record as set out above, that the judgment should be modified in order that equity and justice may be fully done between these parties. We held in Treece v. Treece, Okl., 366 P.2d 625:

"In a case of equitable cognizance appealed to this court the evidence will be examined and considered, and this court will render or cause to be rendered such judgment and decree as the trial court should have rendered."

The advance bid of $2,000 by Mrs. Foster in her answer in the case at bar was a matter the trial court undoubtedly considered in reaching its decision. In a similar case, Herron Trust v. Swarts, Okl., 361 P.2d 280, in which Herron Trust objected to the taking of certain land by Swarts at its appraised value of $10,800 and alleged in his objection and motion that he was ready and willing to enter a bid of $11,880, we instructed the trial court as follows:

" * * * the trial court should first satisfy itself that Herron Trust is still ready to pay $11,880 for the land and timber. In this connection the court may require that a cash deposit or a cash bid of $11,880 be placed at the disposal of the court as a guarantee that the land will not be disposed of for less than $11,880; or the court may satisfy itself by any other proper orders or undertakings that may be required by the court. * * * "

Requirements of similar showings of good faith were made in State ex rel. Com'rs of Land Office. v. Harrower, supra, and in City of Wewoka v. Fink, 197 Okl. 623, 173 P.2d 936.

Such a requirement should have been included in the judgment of the trial court herein. We therefore instruct the trial court to satisfy itself that Mrs. Foster is still ready to pay $2,000 for the property and, in that event, that the trial court require a cash deposit in that amount to be placed at the disposal of the court or that the court may satisfy itself by any other proper order that the property will not be disposed of for less than $2,000 if a resale is allowed. The trial court is further instructed to assess costs of readvertisement and sale, if any, against Mrs. Foster. If Mrs. Foster refuses to comply with any orders the court may make in this connection, then the trial court's judgment is vacated and the trial court is directed to confirm the sheriff's sale and direct the sheriff to execute and deliver a deed to J. O. McManus.

Judgment modified and, as modified, affirmed with directions.

WILLIAMS, C. J. BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.