2005 OK CIV APP 98

**Imogene LIVELY, Plaintiff/Appellant,**

v.

**Dayne HOWARD, Defendant/Appellee.**

**No. 100,096.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Oct. 28, 2005.

---

Shelley A. Cundiff, Dayton, WY, for Plaintiff/Appellant.

Belva Brooks Barber, Barber and Barber, Poteau, OK, for Defendant/Appellee.

## OPINION

ADAMS, Presiding Judge.

¶ 1 Plaintiff Imogene Lively appeals a trial court order which overruled her Objection to Confirmation and Motion to Set Aside Appraisal in this partition action and directed the LeFlore County Sheriff to execute a deed to Defendant Dayne Howard. Plaintiff contends the trial court abused its discretion in doing so and in denying Plaintiff's Motion to Reconsider. We conclude there was no abuse of discretion and affirm.

¶ 2 The Report of Commissioners was filed on May 19, 2003, indicating that partition could not be made and appraising the value of the land. As required by 12 O.S.2001 § 1509(B),[1] Plaintiff's counsel mailed notice to Defendant within ten days thereafter, advising that any exception to the Commissioners' report, or an election to take the property at the appraisement in that report, had to be filed by June 9, 2003.

¶ 3 On June 6, 2003, Defendant filed an Election to Take the land at the appraised values indicated in the Report of Commissioners. By court order, the time to file an exception or an election to take was extended to June 27, 2003. On June 29, 2003, Defendant filed a Motion for Order Confirming Election to Take and Order for Sheriff's Deed. On August 22, 2003, Plaintiff filed an Objection to Confirmation and Motion to Set Aside Appraisal. On October 14, 2003, Defendant filed an objection to Plaintiff's August 22 filing, arguing it was untimely.

¶ 4 At a subsequent hearing, the trial court ruled Plaintiff's objection to the confirmation was untimely and refused to entertain evidence concerning the reasons for any delay, confirmed the Report of Commissioners, and ordered the Sheriff to execute a deed to Defendant. Plaintiff later filed a Motion to Reconsider, attaching a handwritten statement purporting to evidence offers by third parties to purchase at least portions of the land at what Plaintiff said was a price higher than the values stated in the Report of Commissioners. The trial court denied the Motion to Reconsider.

¶ 5 As principal support for reversal, Plaintiff relies upon *Herron Trust v. Swarts*, 1961 OK 89, 361 P.2d 280, which held the statutes governing partition were directory and not mandatory and that a trial court had the discretion to hear an objection to a report of commissioners which was filed at any time prior to confirmation. Plaintiff contends the trial court should have exercised its discre-

---

1. This sections provides, in pertinent part:
   Within ten (10) days after the report of commissioners is filed with the court clerk, the attorney for the plaintiff shall forward by certified mail to the attorney of record for every other party in the case and to each party not represented by an attorney, a copy of the commissioners' report and a notice stating that the time limit for filing an exception or an election to take the property at the appraisement, if partition cannot be made, is not later than twenty (20) days from the date the report was filed. Before the expiration of the said twenty (20) days, the court may fix a different and longer period for the filing of an election.

tion to at least consider the reasons why the challenge to the Report of Commissioners was delayed.

¶ 6 Plaintiff's objection to the Report of Commissioners was based on contentions that the "appraisal undervalued the real property," "the commissioners did not properly value the rental property," and the existence of third party or parties who were willing to "purchase the property at a value much greater than the current appraisal." [2] *Herron Trust*, like the trial court here, treated such allegations as "an exception to the report of the commissioners." 1961 OK 89, ¶ 8, 361 P.2d at 282.

¶ 7 At the outset, we note that *Herron Trust* strictly enforced the statutory time period, expressed in 12 O.S.Supp.1953 § 1512, for filing an election to take the property at the appraised value and affirmed the trial court's decision to strike an election filed after that time frame. This holding is inconsistent with Plaintiff's argument that the trial court had discretion to waive the filing period requirements now contained in § 1509(B).

¶ 8 At the time *Herron Trust* was decided, Oklahoma's partition statutes, 12 O.S.Supp. 1953 §§ 1501–1517, did not contain any limitation period for filing an exception to the report of the commissioners. *Herron Trust* specifically relied upon this Legislative silence in reaching its decision.

¶ 9 However, those statutes now provide for a specific limitations period, and as the *Herron Trust* Court did with the statutory period then in existence for filing an election to take at the appraised value, that limitation period must be enforced. Even though partitions are equitable actions, equity follows the law. *Merritt v. Merritt*, 2003 OK 68, 73 P.3d 878.

¶ 10 As § 1509(B) now exists, assuming notice is mailed timely, a party to a partition action may file an exception to the commissioners' report within twenty days from the date the report was filed. *"Before the expiration of the said twenty (20) days,* the court may fix a different and longer

period for the filing of the election." (Emphasis added). In essence, Plaintiff contends the trial court may do so even after the period has expired, a construction which renders the emphasized language meaningless.

¶ 11 The trial court correctly concluded that it had no discretion to extend the period for filing an exception to the Report of Commissioners once that period had expired. Therefore, it was not an abuse of discretion to refuse to consider the reasons Plaintiff did not make a timely filing, either at the initial hearing or on Plaintiff's Motion to Reconsider. Similarly, it was not an abuse of discretion to refuse to consider the reasons offered by Plaintiff for setting aside the Report of Commissioners either at the initial hearing on confirming that report or in ruling on Plaintiff's Motion to Reconsider. The trial court's judgment is affirmed.

AFFIRMED.

MITCHELL, J., and BELL, J., concur.

---

2. Plaintiff's objection listed additional reasons for not confirming Defendant's Election to Take which did not relate to the Report of Commissioners but which may only be seen as an at-

tempt to explain why Plaintiff took no action until after the period for filing an election to take or an exception to the Report of Commissioners had passed.