2007 OK CIV APP 85

**Jerrel Ray WILLIS, Plaintiff/Appellee,**

v.

**Lee Roy WILLIS, Defendant/Appellant.**

No. 103,585.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 17, 2007.

---

Robert T. Keel, Oklahoma City, OK, for Plaintiff/Appellee.

Jeffrey S. Landgraf, Little, Little, Little, Windel, Coppedge, Oliver, Rowe, Landgraf & Gallagher, PLLC, Madill, OK, for Defendant/Appellant.

BAY MITCHELL, Vice–Chief Judge.

¶ 1 Defendant/Appellant Lee Roy Willis (Lee Roy) appeals from a court order partitioning land. He and Plaintiff/Appellee Jerrel Ray Willis (Jerrel) owned undivided interests in 8.52 acres in Carter County, Oklahoma. Their parents had bequeathed an undivided 1/4 interest in the land to each of their four sons when they died. However, Raymond, Jerry, and Appellee Jerrel all mortgaged their interests. Lee Roy subsequently paid the bank note for his three brothers, and they mortgaged their interests to him. In 1981, Lee Roy brought a foreclosure action against his brothers when they defaulted. In lieu of foreclosure, Jerry and Raymond deeded their interests to Lee

Roy. This gave him an undivided 3/4 interest, while Jerrel retained his 1/4 undivided interest. Lee Roy apparently did not pursue the foreclosure suit against Jerrel for almost twenty years.

¶ 2 On April 17, 2000, Jerrel brought the current action to partition the land. The court consolidated the partition and foreclosure actions and conducted a bench trial. The court denied foreclosure to Lee Roy on the ground that it was inequitable. Lee Roy had use of the land without payment for more than twenty years, so any unjust enrichment to Jerrel from Lee Roy paying his mortgage was offset and the equities were even. The court granted Jerrel's request to partition the land.

¶ 3 On January 12, 2004, Jerrel filed a motion to approve a land survey he had obtained to partition the land. Jerrel attached a copy of the survey, which set out the portion of land he requested. The motion specified the hearing was on January 21, 2004, and asked the court to confirm the survey unless Lee Roy objected to the survey in writing within 10 days. The original hearing date was cancelled and the case was reset for trial on February 1, 2005, more than a year later. During this time, Lee Roy never filed a written objection to Jerrel's survey. At trial, Lee Roy appeared *pro se* and argued the requested partition unfairly gave Jerrel all the land in front and did not leave him access to the back property. Lee Roy, however, did not obtain his own survey or present any other evidence to the trial court to show how he wanted the land partitioned. The trial court granted Jerrel's motion to partition the land as set out in his survey, stating it was fair and equitable to both parties.

¶ 4 Lee Roy then filed a motion for new trial on March 2, 2005, raising the statutory procedure for partition of land in 12 O.S.2001 § 1501.1, *et seq.* for the first time. Citing 12 O.S.2001 § 651(1) & (6) as the basis for new trial, Lee Roy asserted there was an irregularity in the proceeding that prevented him from having a fair trial, and the court's order was not sustained by sufficient evidence or was contrary to law.[1] The court denied his

---

1. The terms of 12 O.S.2001 § 651 provide:

A new trial is a reexamination in the same court, of an issue of fact or of law or both,

motion for new trial, and Lee Roy appeals on the ground that the partition of the land without appointing commissioners was reversible error. We agree this was fundamental, reversible error and remand for further proceedings.

¶ 5 A trial court's denial of a new trial is reviewed for abuse of discretion. *Capshaw v. Gulf Ins. Co.*, 2005 OK 5, ¶ 7, 107 P.3d 595, 600. Because the trial court has broad discretion in ruling on a motion for new trial, the denial of a new trial will be reversed only upon a clear showing of manifest error or abuse of discretion regarding a pure and unmixed question of law. *Id.; Lierly v. Tidewater Petroleum Corp.*, 2006 OK 47, ¶ 15, 139 P.3d 897, 902. Further, partition is an equitable proceeding. *De Mik v. Cargill*, 1971 OK 61, ¶ 23, 485 P.2d 229, 235. An appellate court will only reverse the court's order if it is against the clear weight of the evidence, or contrary to law or established equitable principles. *Newton v. Newton*, 2003 OK CIV APP 55, ¶ 6, 71 P.3d 56, 58.

¶ 6 Title 12, sections 1501.1, *et seq.* provides the statutory procedure for partition of land. After the court determines the interests of the various parties, the court "*shall make* an order specifying the interests of the respective parties, and directing partition to be made accordingly." 12 O.S.2001 § 1505 (emphasis added). Upon making this order, the court "*shall appoint* three commissioners to make partition into the requisite number of shares." 12 O.S.2001 § 1506 (emphasis added). The commissioners are then required to make partition into the requisite shares if the partition can be made "without manifest injury." § 1509(A). If not, the commissioners are required to make a valuation and appraisement of the property. *Id.* The commissioners must make a report of their findings to the court. *Id.* The plaintiff's attorney has ten days to forward a copy of the report by certified mail to all other attorneys, along with a notice stating any exception or election to take at the appraised price must be made within twenty days of the date the report was filed. § 1509(B). If the commissioners make the partition and no exceptions are filed, the court "*shall render judgment* that such partition be and remain firm and effectual forever." § 1511. Each of these statutory provisions uses the mandatory language "shall" to describe the duties of the court and the commissioners. *U.S.A. through Farmers Home Admin. v. Hobbs*, 1996 OK 77, ¶ 7, 921 P.2d 338, 342 n. 16. However, the court also has the power to make any order necessary to effect a just and equitable partition as long, as it is "not inconsistent with the provisions of this article . . ." § 1516.

¶ 7 The record shows conclusively that the court did not follow the statutory procedure in making this partition. After the court ordered partition, it failed to appoint three commissioners. Thus, there was no report by the commissioners stating the land could be divided without manifest injury or providing for the actual division of the property. Instead, the court divided the land by confirming the private survey of the land conducted at the bequest of the plaintiff, Jerrel.

¶ 8 Jerrel does not dispute that the court failed to follow the statutory procedure for partition. However, he contends Lee Roy waived his right to a statutory partition by failing to raise this issue at trial and by failing to object to his survey. The appellate record does confirm that Lee Roy never objected to the failure to follow the statutory procedure until his motion for a new trial. We recognize that generally "[a]n allegation of error in a motion for new trial must be based on an error preserved in the course of trial proceedings. If the motion is rested on an error that does not stand preserved for review, it is of no avail as a party's support

---

after a verdict by a jury, the approval of the report of a referee, or a decision by the court. The former verdict, report, or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of the party:

1. Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial; . . .

6. That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law; . . .

for its new-trial quest." *Capshaw*, ¶ 13, 107 P.3d at 602–03 (internal footnotes omitted) (where aggrieved party failed to object to errors in verdict form before it was submitted to the jury, he failed to preserve error for new trial motion). However, this rule is subject to review for fundamental or manifest error, which can be reviewed at any time. *Id.*, ¶ 14, 107 P.3d at 603; *Sullivan v. Forty–Second West Corp.*, 1998 OK 48, ¶ 4, 961 P.2d 801, 802 (finding fundamental error is reviewable even if the issue was not raised on appeal). "Fundamental error compromises the integrity of the proceeding to such a degree that the error has a substantial effect on the rights of one or more of the parties." *Sullivan*, ¶ 7, 961 P.2d at 803.

¶ 9 We find the failure of the trial court to follow the statutory procedure, including appointing three commissioners to partition the land, was fundamental error. Nothing in the statutes gives the court the discretion to disregard the procedure. Instead, the statutes provide the court "shall appoint" commissioners and the commissioners "shall make" a report to the court as to partition. 12 O.S.2001 §§ 1506, 1509(A). These requirements are fundamental to the statutory partition procedure. Oklahoma courts have previously strictly construed statutory provisions governing partition proceedings. *Herron Trust v. Swarts*, 1961 OK 89, ¶ 7, 361 P.2d 280, 282 (strictly enforcing the statutory time period for filing an election to take the property at the appraised value, because the statute provides an election shall be filed within ten days); *Lively v. Howard*, 2005 OK CIV APP 98, ¶ 11, 125 P.3d 703, 705 (affirming judgment of court that refused to set aside commissioner's report, because court had no discretion to extend time for filing an exception to commissioner's report once time had expired). Although partition is an equitable proceeding, equity follows the law. *Id.*, ¶ 9, 125 P.3d at 705 (citing *Merritt v. Merritt*, 2003 OK 68, 73 P.3d 878).

¶ 10 Our finding that the appointment of commissioners is mandatory and the failure to comply with this statute is fundamental error is consistent with the findings of other jurisdictions. The Illinois Supreme Court has held that a similar statute requiring the appointment of commissioners to prepare a report on the partition of the land is mandatory, and the failure to appoint them is reversible error. *Peck v. Peck*, 16 Ill.2d 268, 157 N.E.2d 249, 260 (1959) (decree of sale that was not based on report of commissioners is invalid); *see also Woodland v. Wisdom*, 975 S.W.2d 712, 716 (Tex.App.1998) (statute providing that court shall appoint three or more commissioners was mandatory, and the failure to appoint commissioners was reversible error); 59A Am.Jur.2d § 128 ("Failure to appoint commissioners, where such is required, is a reversible error."); 68 CJS § 129 (the court is not authorized to partition the land itself unless a statute specifically allows the court to act without the intervention of commissioners). We thus find the court's refusal to grant a new trial after failing to appoint commissioners to partition the land was an abuse of discretion as to a pure and unmixed question of law.

¶ 11 REVERSED AND REMANDED.

ADAMS, J., and JOPLIN, P.J., concur.