2008 OK CIV APP 11

**Kim RODGERS, Plaintiff/Appellee,**

v.

**Bobbie Kaye TWEDT, Defendant/Appellant.**

No. 104,189.

Court of Civil Appeals of Oklahoma, Division No. 2.

Nov. 6, 2007.

Certiorari Denied Jan. 14, 2008.

Kermit M. Milburn, Henson, Henson, Henson, Marshall & Milburn, LLP, Shawnee, OK, for Plaintiff/Appellee.

Steven L. Parker, Tecumseh, OK, for Defendant/Appellant.

JANE P. WISEMAN, Judge.

¶ 1 Appellant, Bobbie Kaye Twedt, appeals from an order of the trial court accepting the report of the commissioners in this partition action. The issue on appeal is whether the trial court erred as a matter of law when it found that Twedt's election to take was untimely. We find that the trial court did not err and affirm its decision.[1]

## FACTS AND PROCEDURAL HISTORY

¶ 2 On July 21, 2006, Appellee, Kim Rodgers, filed a petition seeking partition of real property. The real property was the subject of a probate action involving Naomi Louise Townsend. Rodgers asserted that the final account and request for distribution had been filed in the probate action, and upon distribution, title would vest in Twedt and Rodgers, with each owning an undivided 50% interest in the real property. Rodgers asked the trial court to appoint commissioners to partition the property. In her answer, Twedt also asked that the real property be partitioned.

¶ 3 The trial court found that Rodgers and Twedt each owned 50% of the real property and that Rodgers was entitled to partition of the property. The court appointed three commissioners to "make partition of said property in kind, and if said commissioners find and determine that said property cannot be partitioned among the owners in the proportions hereinabove shown without manifest injury that they shall appraise said property and report the same to this Court as provided by law."

¶ 4 In their report filed October 17, 2006, the commissioners found "that because of the difference in the quality and value of said property ... that partition of said premises cannot be made between the parties to said action according to their respective interest without great and manifest injury to the parties." The commissioners appraised the value of the property at $350,000. Rodgers' attorney, Kermit Milburn, mailed the commissioners' report to Rodgers and Twedt on October 17, 2006.

¶ 5 On November 6, 2006, Twedt filed an exception to the report of the commissioners, "particularly the evaluation of $350,000." In support of her exception, she claimed that the "property was valued by Dick Grace, M.A.I., in an appraisal done in October, 2003 for the amount of $945,000.00." Twedt advised the trial court that she planned to have the property appraised by an independent appraiser.

1. We also deny Rodgers' counter-motion to strike Twedt's brief.

¶ 6 Also on November 6, 2006, Rodgers filed an election to take the real property at its appraised value. On November 14, 2006, Rodgers filed a motion to confirm the report of the commissioners.

¶ 7 It appears that Twedt encountered some difficulty when she tried to find an independent appraiser to conduct the appraisal. Ultimately, Twedt decided to withdraw her exception to the commissioners' report. On December 12, 2006, Twedt filed with the trial court a document entitled "Withdrawal of Exceptions To Report of Commissioners And Election To Take." Twedt stated that she was not only withdrawing her exceptions but that she was also "announc[ing] to the Court that she elects to take the ... real property at the commissioners appraised value."

¶ 8 After a hearing in the matter, the trial court confirmed the report of the commissioners and found that Twedt's election to take was untimely.

¶ 9 Twedt appeals.

## STANDARD OF REVIEW

■ ¶ 10 Although an action seeking partition is an equitable proceeding, *De Mik v. Cargill*, 1971 OK 61, ¶ 23, 485 P.2d 229, 235, we are presented here with a question of law: whether Twedt's election to take was timely under 12 O.S.2001 § 1509. We review questions of law *de novo. Oklahoma Educ. Ass'n. v. State ex rel. The Oklahoma Legislature*, 2007 OK 30, ¶ 2, 158 P.3d 1058, 1061.

## ANALYSIS

¶ 11 Title 12 O.S.2001 § 1509 provides the time limits for filing elections to take or exceptions to the report of commissioners in a partition action. Section 1509(B) provides the following:

*Within ten (10) days after the report of commissioners is filed with the court clerk,* the attorney for the plaintiff shall forward by certified mail to the attorney of record for every other party in the case and to each party not represented by an attorney, a copy of the commissioners' report and a *notice stating that the time limit for filing an exception or an election*

*to take the property at the appraisement, if partition cannot be made, is not later than twenty (20) days from the date the report was filed. Before the expiration of the said twenty (20) days, the court may fix a different and longer period for the filing of an election.* The mailing of notice as required herein shall be certified by affidavit to be filed, attached to the original notice. If a party has been served by publication, the notice of said time limit shall be published in one issue of a newspaper qualified to publish legal notices, at least ten (10) days prior to the expiration of the date to file exception or election.

(Emphasis added.) Section 1509(C) provides, "The time limit for filing an exception or an election to take property at appraisement, as prescribed in subsection B of this section, shall be calculated from the date the report of the commissioners is filed in the case."

■ ¶ 12 Although Twedt's exception was filed within twenty days from the date the commissioners' report was filed, it is undisputed that her election to take was not filed within twenty days from the date the commissioners' report was filed. The trial court found that under the holding in *Lively v. Howard*, 2005 OK CIV APP 98, 125 P.3d 703, Twedt's election to take was untimely. After reviewing the law on this subject, including *Lively*, we reach the same conclusion.

¶ 13 In *Lively*, the parties were required under § 1509 to file an exception or an election to take by June 9, 2003. The defendant filed an election to take on June 6, 2003. The court subsequently extended the time to file an election to June 27, 2003. The defendant filed a motion for an order confirming the election to take on June 29, 2003. On August 22, 2003, the plaintiff filed an objection to the confirmation and motion to set aside the appraisal. The trial court found that the plaintiff's objection was untimely. *Lively*, 2005 OK CIV APP 98 at ¶¶ 2–4, 125 P.3d at 704. On appeal, the plaintiff asserted that the trial court should have exercised its discretion and considered her objection. *Id.* at ¶ 5, 125 P.3d at 704–05.

¶ 14 The Court of Appeals held that although partitions are equitable actions, "equity follows the law." *Id.* at ¶ 9, 125 P.3d at 705. Plaintiff argued that the trial court could fix a longer period for filing an exception even after the expiration of the 20–day period specified in § 1509. *Id.* at ¶ 10, 125 P.3d at 705. The Court held, "The trial court correctly concluded that it had no discretion to extend the period for filing an exception to the Report of Commissioners once that period had expired." *Id.* at ¶ 11, 125 P.3d at 705.

¶ 15 This reasoning similarly applies to 12 O.S.2001 § 1512, which also addresses when elections to take must be filed. Section 1512 provides:

If partition cannot be made, and the property shall have been valued and appraised, any one or more of the parties may elect to take the same at the appraisement, and the court may direct the sheriff to make a deed to the party or parties so electing, on payment to the other parties of their proportion of the appraised value. *Such election shall be filed within twenty (20) days of the filing of the commissioners' report provided that the court may, before expiration of the said twenty (20) days, fix a different and longer period for the filing of elections.*

(Emphasis added.)

¶ 16 As with § 1509, § 1512 gives a party only 20 days from the filing of the commissioners' report to file an election to take. Section 1512 also directs that any extension of the mandatory filing period must be granted by the trial court during the original 20–day period. We conclude that, after the original 20–day period had expired, the trial court also did not have discretion under § 1512 to fix a longer period for Twedt to file an election.

## CONCLUSION

¶ 17 We conclude, as the trial court did, that it lacks the discretion to extend the period in which an election to take may be filed after the initial 20–day period has run. Accordingly, we affirm the decision of the trial court which confirmed the commission-

ers' report and found Twedt's election to take was untimely.

¶ 18 **AFFIRMED.**

RAPP, C.J. and FISCHER, P.J., concur.