**HEARTLAND FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant,**

v.

**Leonard L. CAMP, Appellee.**

**No. 79648.**

Court of Appeals of Oklahoma,
Division No. 3.

Feb. 8, 1994.

Charles E. Wetsel, Oklahoma City, for appellant.

Sandra Lee Niblett, Oklahoma City, for appellee.

*OPINION*

HUNTER, Presiding Judge.

Ann Leavitt is the trustee of two trusts. In 1990, Leavitt and David Upchurch attempted to sell the Quick Change Oil Company and the real estate upon which it was located to Appellee Leonard L. Camp. Leavitt owned the real estate in trust as well as an interest in the improvements upon the real estate. Upchurch owned the remaining interests in the improvements.

The sale was thwarted because Leavitt and Upchurch could not convey clear title to Camp. The real estate and improvements were burdened by several liens incurred by Upchurch, including a judgment lien in favor of Appellant, Heartland Federal Savings and Loan Association, (Heartland) for over $64,-000.

Leavitt then filed a partition action in the district court naming numerous defendants including Upchurch and Heartland. Upchurch abandoned the business and failed to file an answer to the petition. Camp intervened as defendant in the partition action and performed the duties that Upchurch should have performed. In addition, Camp was appointed receiver to run the business.

The district court ordered an appraisal of the property, gave Camp the first right of refusal, and determined the priority of liens against the property. Camp issued a final accounting as receiver and purchased the property. Camp then moved for payment of attorney's fees incurred in the partition action. The district court found that Camp was entitled to $4,910.00 in attorney's fees and ordered that the fees be paid ahead of Heartland's lien from the $14,333.34 available to Upchurch. It is from this order that Heartland appeals.

Before this court Heartland argues: (1) Camp is not entitled to attorney's fees; (2) the district court erred in granting priority to payment of Camp's attorney's fees superior to Heartland's pre-existing judgment lien;

and (3) if Camp is entitled to attorney's fees, the district court erred in charging all the fees to Upchurch's share of the sale proceeds.

## STANDARD OF REVIEW

■ We review partition actions on the record as a whole, weigh the evidence, and reverse the judgment of the trial court only if it is clearly against the weight of the evidence. *Mauch v. Mauch*, 418 P.2d 941, 943 (Okla.1966).

## FINDINGS ON REVIEW

■ The district court properly granted Camp's motion for attorney's fees under 12 O.S. (1991) § 1515 which provides for attorney's fees to be apportioned among the parties in a partition action. Camp was allowed to intervene in the partition action by agreement of the parties, was an active participant in the litigation, and provided beneficial services to all parties which culminated in the successful sale of the property.

■ Heartland argues, however, that the district court erred in ordering that Camp's attorney's fees be paid before Heartland's pre-existing judgment lien. We disagree.

In *Clement v. Ferguson*, 287 P.2d 207 (Okla.1955) an attorney for one of the parties in a partition action moved for attorney's fees. *Clement* held:

"The costs, attorney's fees, and expenses should first be paid out of the entire proceeds of the sale of the property, and then the parties should receive their respective shares out of the remainder of the proceeds."

*Id.* at 213–214 *quoting Sarbach v. Newell*, 35 Kan. 180, 183, 10 P. 529, 532 (1886).

Under *Clement*, Camp's attorney's fees must be paid before Upchurch is entitled to any proceeds. Heartland's lien, then, may be satisfied from the remaining proceeds.

■ We agree with Heartland, however, that the district court abused its discretion in ordering Camp's attorney fees be paid solely from Upchurch's sale proceeds. *Clement* directs that attorney's fees are to be paid from "the entire proceeds of the sale of the property." *Id.* On remand, the district court should distribute the proceeds of the sale proportionately to Leavitt and Upchurch after payment of attorney's fees, costs, and expenses.

Accordingly, the order of the district court is AFFIRMED in part, REVERSED in part, and REMANDED to the district court for further proceedings consistent with this opinion.

GARRETT, V.C.J., and BAILEY, J., concur.