John C. WINKLER, Appellee,

v.

The SOLUTIONS GROUP, INC., d/b/a Dealer Solutions, Inc., a Texas corporation, Defendant,

Memorial Bank, an Oklahoma banking corporation, Intervenor, Appellant.

No. 84119.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 24, 1995.

Rehearing Denied Nov. 21, 1995.

Certiorari Denied March 27, 1996.

Edward O. Lee and John W. Mee, III, Lee & Mee, Oklahoma City, for Appellant.

C. Craig Cole and Kurt Rudkin, Cole, Johnson & Rudkin, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

JOPLIN, Judge:

Appellant Memorial Bank (Bank) seeks review of the trial court's order granting attorney fees to Appellee John C. Winkler (Winkler) in Winkler's post-judgment garnishment action. In this appeal, Bank asserts (1) Bank's dismissal of its intervention claim without prejudice prior to a merits adjudication thereof deprived the trial court of jurisdiction to grant Winkler further relief; (2) Winkler stated no "claim for relief" against Bank in the garnishment action as to confer jurisdiction to the trial court to grant Winkler's motion for attorney fees; and (3) the Oklahoma garnishment statutes neither contemplate nor authorize an award of "prevailing party" attorney fees.

In May 1992, Winkler commenced an action against Defendant The Solutions Group, Inc., d/b/a Dealer Solutions, Inc., a Texas corporation (Defendant), to recover earnest money paid in connection with a contract for purchase of an automobile dealership, and in July 1992 obtained judgment. On September 3, 1992, Winkler served a garnishment summons on American Guaranty Title Company (American), the escrow agent chosen to close the sale contract between Winkler and Defendant, alleging that American held funds belonging to Defendant available to satisfy Winkler's judgment, and thereby impressing those funds with a garnishment lien. 12 O.S.1991 § 1185; *First Mustang State Bank v. Garland Bloodworth, Inc.*, 825 P.2d 254 (Okla.1991). American filed a garnishee's answer admitting possession of such funds, and asserted that Bank claimed some interest therein.

On September 18, 1992, Winkler then filed a motion to compel Bank to "interplead" its interest in the held funds, and prayed for an adjudication of Bank's competing claim. On that same date, the trial court granted Winkler's motion to compel, while Bank (also on that same date) filed a motion to intervene, asserting that the Defendant judgment debtor had granted Bank a prior valid, perfected security interest in the funds, superior to any interest of Winkler as judgment creditor. Winkler responded, denying superiority of Bank's claim. American eventually interplead the funds into Court for distribution according to the trial court's determination of the merits of the competing claims.

Bank and Winkler subsequently both filed motions for summary judgment, claiming prior rights in and to the funds. At hearing thereon, and nearly fifteen months after commencement of the garnishment action, Bank announced that it dismissed its claim to the garnished funds without prejudice, and Winkler dismissed as to American. Winkler then sought to reinstate his action for recovery of the interplead funds and therein requested an award of attorney fees and costs against Bank as a competing lien claimant and prevailing party under 42 O.S.1991 § 176. The trial court reinstated Winkler's claim, granted judgment to Winkler and awarded Winkler attorney fees as against Bank. Bank appeals.

In its first proposition, Bank argues the trial court lost jurisdiction to award attorney fees against Bank upon Bank's dismissal of its competing claim to the interplead funds, citing 12 O.S.1991 § 684 and *General Motors Acceptance Corp. v. Carpenter*, 576 P.2d 1166 (Okla.1978). Winkler responds pointing out that notwithstanding Bank's dismissal, there remained for determination Winkler's prayer for an adjudication of rights to the garnished funds, and that therefore, the trial court retained jurisdiction not only over the merits of Winkler's prayer for affirmative relief, but also over any ancillary matters thereto, including (upon reinstatement of his claim) Winkler's prayer for prevailing party attorney fees.

*Mullis v. Mullis,* 669 P.2d 763 (Okla.1983); *Harden v. District Court of Tulsa County,* 175 Okla. 417, 53 P.2d 247 (1935); *Wood v. Hines,* 117 Okla. 86, 245 P. 846 (1925); *Brown v. Massey,* 19 Okla. 482, 92 P. 246 (1907).

We agree with Winkler. The record clearly bears out that notwithstanding Bank's dismissal of its competing claim, upon reinstatement of Winkler's claim, there remained for adjudication Winkler's demand for affirmative relief, i.e., a determination of Winkler's right to the interplead funds as against Bank. Bank's cited authority is distinguishable, in that case there remained no such prayer for affirmative relief by either plaintiff or defendant after plaintiff's dismissal of the principal claim. *General Motors Acceptance Corp.,* 576 P.2d at 1167. We therefore hold the trial court retained jurisdiction to award attorney fees.

■ In its second proposition, Bank argues Winkler asserted no positive "claim for relief" upon which an award of attorney fees might stand, citing the Oklahoma Pleading Code, 12 O.S.1991 § 2008. We go no farther than to observe that Winkler clearly requested an adjudication of priority between the competing claims of Bank and Winkler in seeking to compel joinder of Bank after receipt of American First Title Company's garnishment answer, and we summarily reject this proposition.

■ In its third proposition, Bank asserts the Oklahoma garnishment statutes do not allow an award of attorney fees as against a third-party claimant, the relevant statute contemplating an award only as between the garnishor and garnishee. 12 O.S.Supp.1994 § 1190(B). Winkler responds, arguing that the Oklahoma lien foreclosure statute, 42 O.S. § 176 allows an award of attorney fees to the prevailing party in an action to determine priority between competing lien claimants. *Riffe Petroleum Co. v. Great Nat. Corp., Inc.,* 614 P.2d 576 (Okla.1980); *General Electric Credit Corp. v. First Nat. Bank of Broken Arrow,* 475 P.2d 137 (Okla.1970); *Ivey v. Henry's Diesel Service, Inc.,* 418 P.2d 634 (Okla.1966). In this regard, we agree with Bank that § 1190 does not anticipate an award of prevailing party attorney fees as between a garnishment lien creditor and another lien creditor. We must thus determine, absent such authority in the garnishment statutes, whether Winkler, as prevailing party in the garnishment action, reaps the benefits of the prevailing party attorney fee provision of 42 O.S. § 176.

■ Under the circumstances of this case, we find Winkler and Bank stood as competing lien claimants to the interplead funds, as between whom § 176 grants prevailing party attorney fees. Stated otherwise, once Bank asserted its claim to the garnished fund under the security interest granted by Defendant, Bank's lien claim stood in direct competition with Winkler's garnishment lien, and as we have previously noted, upon Bank's dismissal of its claim to the garnished funds, there nevertheless remained for adjudication Winkler's claim of superior right to those funds. Because § 176 clearly grants attorney fees to the prevailing party in any action to enforce a lien, and because we find Winkler and Bank stood as such competing lien creditors seeking enforcement of their respective lien interests, we hold Winkler entitled to attorney fees under § 176. We therefore conclude the trial court did not err in granting Winkler his requested attorney fees under § 176.

■ We lastly note that Winkler, concurrently with the filing of his responsive brief and by separate motion as required by 12 O.S.Supp.1993 § 696.4(C), requests an award of appellate attorney fees. However, we here note that the award of appellate attorney fees is discretionary: "Whenever there is statutory authority to award attorney fees in the trial of a matter, additional fees may be allowed (to the prevailing party) for legal services rendered in the appellate court." *Sisney v. Smalley,* 690 P.2d 1048, 1051 (Okla.1984); *see also, B & P Const. Co. v. Wells,* 759 P.2d 208 (Okla.1988); *E.V. Cox Const. Co. v. Brookline Associates,* 604 P.2d 867 (Okla.App.1979). Under the facts and circumstances of this case, we deny Winkler's prayer for an award of appellate attorney fees.

The order of the trial court granting judgment to Winkler is therefore AFFIRMED.

Winkler's prayer for appellate attorney fees is denied.

CARL B. JONES, P.J., and GARRETT, C.J., concur.