FRIEND v. FRIEND
2022 OK 29
Case Number: 118339
Decided: 03/22/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 29, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

BRIAN RAY FRIEND, Petitioner/Appellant,
v.
KIRSTEN DENISE FRIEND, Respondent/Appellee.

¶0 Appellant Brian Friend appealed a decision from the trial court granting Appellee Kirsten Friend attorney fees. The Court of Civil Appeals, Division 1, affirmed the trial court. The Court of Civil Appeals denied Appellee's subsequent request for appeal-related attorney fees. We granted Appellee's petition for writ of certiorari. We hold that, where a prevailing party is entitled to attorney fees below, they are also entitled to appellate attorney fees; where an award of attorney fees is within the trial court's discretion, a prevailing party may be granted appellate attorney fees.

CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS' OPINION VACATED;
CASE REMANDED TO TRIAL COURT 

Marianne Miller, The Parsons Law Firm, P.L.L.C., Shawnee, Oklahoma, for Petitioner/Appellant

Jerry L. Colclazier, Colclazier & Associates, Seminole, OK, for Respondent/Appellee

KUEHN, J.:

¶1 This case arises from a longstanding custody and child support dispute. The issue before the Court involves the appropriateness of appellate attorney fees. We reaffirm our previous holding that a prevailing party who is entitled to attorney fees in the district court is also entitled to recover appellate attorney fees. Ellis v. Lebowitz, 1990 OK 107799 P.2d 620

Procedural History

¶2 The underlying facts of the case are not necessary to resolve the issue. Procedurally, after an initial determination of child support and custody, Appellee Kirsten Friend (Mother) sought to modify the child support order and applied to find Appellant Brian Friend (Father) in contempt, claiming he had not paid child support for several months. The Seminole County District Court granted Mother's motions. The trial court found Father in indirect contempt and increased the child support payment. Mother asked for attorney fees and costs, dividing the request into fees incurred for the request to modify child support and fees incurred for the contempt request. Father objected but conceded the only issue was whether Mother was legally entitled to the fees. The District Court awarded Mother $19,604.14 in attorney fees.

¶3 Father appealed only the attorney fees award. The Court of Civil Appeals, Division I (COCA) affirmed the award of attorney fees in an opinion not for publication. Mother filed a request for appellate attorney fees which was denied by a one-sentence order, and Mother then filed her petition for writ of certiorari.

Standard of Review

¶4 Although COCA's decision does not distinguish between the two fee awards, this Court must. We review a decision denying attorney fees which are mandated by statute de novo. Ellis, 1990 OK 107799 P.2d at 621Boatman v. Boatman, 2017 OK 27404 P.3d 822see also Thielenhaus v. Thielenhaus, 1995 OK 5890 P.2d 92543 O.S. § 110

Mother is entitled to appellate attorney fees under 43 O.S. § 111.1(C)(3)

¶5 This Court has clearly stated that, where a statute mandates an award of attorney fees in the trial court, the prevailing party is also entitled to recover appellate attorney fees; this decision "is not discretionary." Ellis, 1990 OK 107

¶6 Mother asked the trial court to hold Father in contempt for failure to pay child support pursuant to 43 O.S. §111.143 O.S. §111.1shall be entitled to recover court costs and attorney fees expended in enforcing the order and any other reasonable costs and expenses incurred in connection with the denied child support or denied visitation as authorized by the court." 43 O.S. §111.1

¶7 COCA's summary denial of Mother's request for appeal-related attorney fees under Section 111.1(C)(3) directly conflicts with Ellis. Well after Ellis was decided in 1990, COCA determined in Winkler that, although the prevailing party below was entitled to attorney fees mandated by statute, the award of appellate attorney fees was discretionary. Winkler v. Solutions Group, Inc., 1995 OK CIV APP 134915 P.2d 386Ellis, COCA relied in Winkler on Sisney v. Smalley, 1984 OK 70690 P.2d 1048Sisney, we noted that, where a statute authorizes attorney fees for the prevailing party at trial, appellate attorney fees may be allowed. Id. ¶ 20, 690 P.2d at 1051. This is a general statement regarding the ability to recover appeal-related attorney fees. It neither conflicts with nor controls over the later, more specific ruling in Ellis. Neither Sisney nor subsequent cases repeating that language should be understood to say that an appeals court has discretion regarding an award of attorney fees, when under a particular statute the trial court does not.

¶8 Under 43 O.S. §111.1

Mother is entitled to appellate attorney fees under 43 O.S. § 110(D)

¶9 Mother also requested attorney fees under 43 O.S. §110

¶10 We have held that, where the issue involves an award of attorney fees below, a party who prevails on appeal "is entitled to recover for legal services rendered" on the appeal. State ex rel. Harris v. Three Hundred and Twenty Five Thousand and Eighty Dollars, 2021 OK 16485 P.3d 242Thielenhaus, 1995 OK 5

¶11 However, the single sentence with which COCA denied Mother's request provides us no basis for determining whether COCA balanced the equities here. And as the order does not reflect an exercise of discretion, we are unable to review it for abuse of discretion. As COCA recognized, at the hearing before the trial court, Father's attorney explicitly did not contest the reasonableness of the fee request. Father's objections went to whether Mother was entitled to recover attorney fees at all, but not to the amount requested. Given this, COCA correctly found that the trial court's award was not an abuse of discretion. On the same record, we conclude that Mother was entitled to attorney fees under Section 110(D).

¶12 COCA's opinion is vacated. We remand the case to the trial court to determine the amount of appeal-related attorney fees.

CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS' OPINION VACATED;
CASE REMANDED TO TRIAL COURT

CONCUR: DARBY, C.J., WINCHESTER, EDMONDSON, COMBS, GURICH AND KUEHN, JJ.

CONCUR IN PART/DISSENT IN PART: KANE, V.C.J. and KAUGER, J.

KANE, V.C.J., concurring in part/dissenting in part:

"I would not overrule the Court of Civil Appeals' discretionary denial of fees."

DISSENT: ROWE, J.

FOOTNOTES

See, e.g., TRW/Reda Pump v. Brewington, 1992 OK 31829 P.2d 15Broadwater v. Courtney, 1991 OK 39809 P.2d 1310