OSCN Found Document:SPEAKE LAND HOLDINGS, LLC v. COLBERT, et al.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SPEAKE LAND HOLDINGS, LLC v. COLBERT, et al.
2025 OK CIV APP 34
Case Number: 122254
Decided: 06/27/2025
Mandate Issued: 10/15/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2025 OK CIV APP 34, __ P.3d __

 

SPEAKE LAND HOLDINGS, LLC, Plaintiff/Appellee,
vs.
LENORA A. COLBERT, KIMBERLY BROWN, MELVIN J. STEVENSON, PAMELA SHANNON, HAILE SHANNON, HENRY SHANNON, JR., KIAWANA LAMPKIN, PHYLLIS SHANNON, RHONDA KIMBEL, SALINA SHANNON, SAMANTHA SHANNON, and SAMMY SHANNON, III, Defendants/Appellants,
and
THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of HENRY SHANNON, now deceased, THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of HAILEY CELESTER SHANNON, now deceased, THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of MEMORY SHANNON, a/k/a MEMORY SHANNON JACKSON, now deceased, THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of ELWOOD SHANNON, now deceased, CEWILLA SHANNON, if living, and if deceased, THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of CEWILLA SHANNON, MILTON SHANNON, if living, and if deceased, THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of MILTON SHANNON, ELWOOD SHANNON, JR., if living, and if deceased, THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of ELWOOD SHANNON, JR., THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of EDGAR FRANKLIN, JR., now deceased, THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of MCCELLAN STEVENSON, a/k/a MCCLLAN STEVENSON a/k/a SAMUEL MCCELLAN STEVENSON, now deceased, REGINALD J. FRANKLIN, RANDALL J. FRANKLIN, DWIGHT FRANKLIN, THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of RUSSELL LEE FRANKLIN a/k/a RUSSELL L. FRANKLIN a/k/a RUSSELL FRANKLIN, now deceased, THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of LENA MAE FRANKLIN a/k/a LENA FRANKLIN a/k/a LENA MAE TEASE, now deceased, THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of BARBARA ANN FRANKLIN WHITE s/p/a BARBRA WHITE a/k/a BARBARA WHITE formerly SMITH f/k/a BARBARA ANN FRANKLIN, now deceased, OLAN FRANKLIN, FINIS JONES f/k/a FINIS SEALS, SAMMY ARNELL SHANNON, now deceased, THE UNKNOWN HEIRS,EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of SHIRLEY MAE THOMPSON a/k/a SHIRLEY THOMPSON, now deceased, THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of TRAVIS STEVENSON, now deceased, THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS of ISAAC STEVENSON a/k/a ISAAC DAVID STEVENSON, SR., now deceased, Defendants.

APPEAL FROM THE DISTRICT COURT OF
CARTER COUNTY, OKLAHOMA

HONORABLE DENNIS MORRIS, TRIAL JUDGE

MEMORANDUM OPINION

Mike Mordy, Carrie D. Pfrehm, MORDY, MORDY, PFREHM, & WILSON P.C., Ardmore, Oklahoma, For Plaintiff/Appellee,

Lorenzo T. Collins, LORENZO T. COLLINS, P.C., Ardmore, Oklahoma, For Defendants/Appellants.

E. BAY MITCHELL, III, JUDGE:

¶1 Plaintiff/Appellee Speake Land Holdings, LLC (Speake) sought to partition real property in Carter County, Oklahoma. Defendants/Appellants Lenora A. Colbert, Kimberly Brown, Melvin J. Stevenson, Pamela Shannon, Haile Shannon, Henry Shannon, Jr., Kiawana Lampkin, Phyllis Shannon, Rhonda Kimbel, Salina Shannon, Samantha Shannon, and Sammy Shannon, III (collectively, the Shannon Heirs) challenged the trial court's decision to confirm the commissioners' report. In an opinion dated June 27, 2025, we found the court's decision was not against the clear weight of the evidence or contrary to law and affirmed. Both Speake and the Shannon Heirs filed motions for appellate attorney fees pursuant to 12 O.S. 2021 §696.412 O.S. 2021 §1515See §1515.

¶2 The parties all possess interests in the same parcel of real property in Carter County. Speake filed this partition action and requested that the court (1) quiet title; (2) adjudicate the parties' respective rights, title, interests, and claims; (3) appoint commissioners to examine the property; and (4) partition Speake's respective share of the surface rights. Three commissioners examined the property and returned a report that found a partition of the property could not be made among the parties according to their respective interests without manifest injury. The commissioners, accordingly, appraised the property and determined its value. The Shannon Heirs filed an exception to the report contending it should be set aside because the commissioners made no mention of an attempt to partition Speake's interest separately against all others collectively. The court denied the Shannon Heirs' exception and confirmed the report.

¶3 As noted above, the Shannon Heirs filed an appeal challenging the trial court's decision to confirm the commissioners' report. In our June 27 opinion, we noted that the court's instructions specifically directed the commissioners to consider whether Speake's interest could be set aside against the Shannon Heirs as tenants in common, and we noted that the court was presented with extensive evidence and argument about the issue. Because we could not say the court's decision to confirm the commissioners' report was clearly contrary to the weight of the evidence, we affirmed.

¶4 Prior to mandate of the opinion, Speake filed a motion for appeal-related attorney fees. Citing Sisney v. Smalley, 1984 OK 70690 P.2d 104812 O.S. 2021 §1515

The court making partition shall tax the costs, attorney's fees and expenses which may accrue in the action, and apportion the same among the parties, according to their respective interests, and may award execution therefor, as in other cases.

Id.

¶5 Three days after Speake's motion, the Shannon Heirs filed their own motion to award appellate attorney fees and expenses. Like Speake, the Shannon Heirs cited §1515 as authority for the award. They also cited the following language from Adams v. Unterkircher, 1985 OK 96714 P.2d 193

Normally, attorney fees cannot be recovered unless they are imposed by statute or by contract. Attorney fees in partition actions are authorized by 12 O.S.1981 § 1515

Id., ¶9, 714 P.2d at 196. In other words, the Shannon Heirs agree that §1515 authorizes appellate attorney fees, but they "request that the attorney fees and expenses of th[e] appeal be awarded and taxed among the parties according to their respective interests in an amount to be determined by the trial court[.]"

¶6 Section 1515 is not a prevailing-party attorney fee statute. In Weaver v. Laub, 1977 OK 242574 P.2d 609Id., ¶21, 574 P.2d at 614. Further, in Heartland Savings and Loan Association v. Camp, 1994 OK CIV APP 14870 P.2d 182Id., ¶¶3 & 11, 870 P.2d at 183-84. "The costs, attorney's fees, and expenses should first be paid out of the entire proceeds of the sale of the property, and then the parties should receive their respective shares out of the remainder of the proceeds." Id., ¶11, 870 P.2d at 184 (quoting Clement v. Ferguson, 1955 OK 95287 P.2d 207

¶7 The Oklahoma Supreme Court has stated that, "where a statute mandates an award of attorney fees in the trial court, the prevailing party is also entitled to recover appellate attorney fees; this decision is not discretionary." Friend v. Friend, 2022 OK 29506 P.3d 1092See Velasco v. Ruiz, 2019 OK 46457 P.3d 1014See §1515. Accordingly, the trial court, i.e., "[t]he court making partition[,]" must tax the costs, attorney's fees, and expenses that have accrued, including the attorney fees accrued on appeal, and apportion them among the parties according to their respective interests.

¶8 MOTIONS GRANTED. REMANDED WITH INSTRUCTIONS FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.

BELL, C.J., and DOWNING, P.J., concur.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105